KEITH R. HUMMEL (*Pro Hac Vice* Application Forthcoming)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

JAMES LEE (Bar No. 192301)
ENOCH LIANG (Bar No. 212324)
JOE TUFFAHA (Bar No. 253723)
LTL ATTORNEYS LLP
300 South Grand Ave, Suite 1400
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Applicant*
NOUVEL, LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| In re Ex Parte Application of NOUVEL, LLC,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Mondo Bongo, LLC, William Bradley Pitt, and Warren Grant for Use in Foreign Proceedings. | Miscellaneous Action No.<br><br>DECLARATION OF STÉPHANE BONIFASSI IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS |

1. I am an attorney and partner at Bonifassi Avocats, counsel to Nouvel, LLC ("Nouvel"). I am admitted to the Paris bar and am established in 34 Boulevard Haussmann, 75009 Paris, France. I have a right of audience in all jurisdictions in France and have been involved in numerous cases concerning high value properties, particularly in the South of France. I have represented numerous clients in disputes over corporations or property in French courts, and I am familiar with French corporate law. I have practiced extensively before numerous Commercial Courts in France and am familiar with their practices and procedures.

2. I submit this declaration in support of Nouvel's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings against Mondo Bongo, LLC ("Mondo Bongo"), William Bradley Pitt ("Mr. Pitt"), and Warren Grant ("Mr. Grant") (the "Section 1782 Application"). I am aware of the facts set forth in this declaration from my role as Nouvel's counsel in connection with the French proceedings described below.

3. Nouvel is a 50% shareholder of Quimicum S.à.r.l ("Quimicum"). Quimicum is a limited liability company (société à responsabilité limitée) established and having its registered office at L-5365 Munsbach, 6C, rue Gabriel Lippmann, Luxembourg.

4. Quimicum owns approximately 99% of the shares of Chateau Miraval SA ("Chateau Miraval"). Chateau Miraval is a company established and having its registered office in F-83570 Correns, Domaine de Miraval, France.

5. At a general meeting of Chateau Miraval on August 23, 2021, Roland Venturini and Gary Bradbury, two directors of Chateau Miraval, appointed Warren Grant—who is not a shareholder of Chateau Miraval—as a director of Chateau Miraval. Chateau Miraval's bylaws prohibit a non-shareholder from continuing to act as a director unless the director acquires a share of the company within three

months of appointment. Because Mr. Grant did not acquire a share but continues to exercise the role of director, Mr. Grant's appointment is no longer valid.

6. Chateau Miraval's board can no longer act in a legally effective way because French law requires a minimum of three directors for the board to act.

7. Nouvel expects to bring a lawsuit against the directors of Chateau Miraval and Miraval Provence and its directors in France to address actions and omissions that have harmed the interests of Chateau Miraval's shareholders. Specifically, Nouvel plans to file a tort action seeking monetary compensation against the directors of Chateau Miraval and Miraval Provence and its directors on the basis of harm to shareholders under at least Article 1240 of the French Civil Code and Article L.225-251 of the French Commercial Code.

8. Discovery in France is limited. Article 145 of the French Code of Civil Procedure ("CPC") provides a measure to preserve evidence before proceedings are initiated. However, Article 145 of the CPC is not equivalent to the U.S. discovery process. Article 145 of the CPC can be implemented in two ways when documents are sought. First, the judge can order a person to produce specific documents. In this case, if the requesting party wants the request to be effective and to prevent the person from whom documents are requested from interpreting the request in an unreasonably narrow manner, picking and choosing which documents he or she will supply with no consequences given that contempt proceedings are unavailable in France, the applicant must specify in detail each document requested. Second, the applicant may request a search order on a person's premises, including on electronic devices. In this instance, the requesting party must provide specific key words and justify why documents responsive to each and every key word are necessary to the contemplated proceedings. The latter implementation is, because of privacy concerns, very difficult to obtain, and judges will refuse to grant the request if it approaches a general investigative measure. In general, judges, having

1  in mind privacy and business secrecy rules, take a restrictive approach when it
2  comes to granting pre-trial disclosure of documents.

3  9. To aid in its forthcoming tort suit, on December 14, 2021, Nouvel filed
4  an *ex parte* request for *in futurum* measures under Article 145 CPC in the
5  Commercial Court of Draguignan, France, seeking to preserve evidence in the
6  possession of Chateau Miraval and its directors, Venturini and Bradbury.  In its
7  Article 145 request, Nouvel sought documents concerning Chateau Miraval's
8  operations and financial transactions, Chateau Miraval's agreements with Miraval
9  Provence, and the relationship between Chateau Miraval's directors, on the one
10 hand, and Mondo Bongo and Mr. Pitt, on the other hand.

11 10. On December 22, 2021, the Commercial Court of Draguignan denied
12 Nouvel's application under Article 145 on the basis that only Quimicum as Chateau
13 Miraval's shareholder could claim to have access to information concerning the
14 management of Chateau Miraval.  Even if Nouvel's request had been granted, in
15 whole or in part, the request would not have preserved all of the documents sought
16 by the Section 1782 Application, including because Mondo Bongo, Mr. Pitt and
17 Mr. Grant are not subjects of the Article 145 application and because I understand
18 that in its Section 1782 Application, Nouvel is requesting documents responsive to
19 descriptive categories rather than precise, individually-described documents.

20 11. Under Articles 138-142 of the CPC, during trial proceedings, a party
21 may request that the judge hearing the case on its merits order either the opposing
22 party or a third party to produce notarized or signed documents.  The judge has
23 discretion to grant such production or not, and therefore I prefer resorting to a pre-
24 trial/Article 145 CPC request.  In any case, the party requesting documents under
25 Articles 138-142 CPC, as for an Article 145 CPC application, must describe each
26 document sought in precise and specific detail.  I understand that in its Section
27 1782 Application, Nouvel is requesting documents responsive to descriptive
28

categories rather than precise, individually-described documents, and that Nouvel is incapable of identifying each individual document sought due to its lack of knowledge. Accordingly, Nouvel is unlikely to be able to obtain the discovery sought in its Section 1782 Application in France under Articles 138-142.

12. French courts also have limited powers to enforce any discovery orders in the event that the discovery targets located in the United States do not comply with the French court's order.

13. Although French law does not itself provide discovery mechanisms similar to those available in the U.S., I am aware of no provision in French law that precludes parties from obtaining or using discovery taken in the United States pursuant to United States law for use in proceedings held in France. The evidence sought in Nouvel's Section 1782 Application—documents concerning improper financial transactions and the failure of Chateau Miraval's directors to exercise independent judgment—is directly relevant to Nouvel's forthcoming French tort action. In my experience, a French court would find the evidence to be obtained in response to the Section 1782 Application to be useful in making its decision.

14. French courts have been receptive to evidence obtained through § 1782 discovery.

15. For example, on September 29, 2016, the Paris High Court held that neither the Hague Convention nor the French Civil Code of Procedure preclude a party to a proceeding in France from collecting evidence pursuant to § 1782 for use in a French proceeding, as long as this evidence has been collected by a competent authority under the applicable law. Paris High Court, 29 September 2016, n° 15/00961.

16. The Nancy Commercial Court similarly held on January 13, 2014 that discovery proceedings initiated in the United States pursuant to § 1782 did not

violate any principles under French law relating to the right to fair trial. Nancy Commercial Court, 13 January 2014, n° 2012011430.

17. The Versailles Appeal Court has also held that initiating discovery proceedings pursuant to § 1782 in parallel with a proceeding in France was not improper. Versailles Appeal Court, 20 May 2010, n° 09/01617.

18. Attached hereto as Exhibit F-1 is a true and correct copy of Chateau Miraval's articles of association updated on June 30, 2017 and a certified English translation of excerpts from them.

19. Attached hereto as Exhibit F-2 is a true and correct copy of excerpts from the minutes for Quimicum S.a.r.l.'s ("Quimicum") general assembly held on September 8, 2020.

20. Attached hereto as Exhibit F-3 is a true and correct copy of excerpts from the minutes for Chateau Miraval's ordinary general meeting held on August 23, 2021 and its certified English translation.

21. Attached hereto as Exhibit F-4 is a true and correct copy of excerpts from the bailiff's report relating to Quimicum's general meeting held on October 29, 2021 dated November 11, 2021 and its certified English translation.

22. Attached hereto as Exhibit F-5 is a true and correct copy of Nouvel's letter to Quimicum, Cohen & Gresser and Quimicum's officers, dated September 30, 2019.

23. Attached hereto as Exhibit F-6 is a true and correct copy of Nouvel's letters to Chateau Miraval and Quimicum, dated September 22, 2020.

24. Attached hereto as Exhibit F-7 is a true and correct copy of Nouvel's letter to Quimicum and its managers, dated October 20, 2020.

25. Attached hereto as Exhibit F-8 is a true and correct copy of Nouvel's letter to Chateau Miraval dated October 13, 2021 and its English translation.

26. Attached hereto as Exhibit F-9 is a true and correct copy of Darrois Villey Maillot Brochier's letter to Nouvel dated October 27, 2021 and its certified English translation.

27. Attached hereto as Exhibit F-10 is a true and correct copy of Veronique Hoffeld's Letter to Claire Riou--Le Jeune, dated November 18, 2021.

28. Attached hereto as Exhibit F-11 is a true and correct copy of the French Code of Civil Procedure, Articles 9, 138-142 & 145-146 dated November 1, 2021 and its certified English translation.

29. Attached hereto as Exhibit F-12 is a true and correct copy of the French Commercial Code, Article L.225-251 dated May 16, 2001 and its English translation by Louis Vogel, Professor at the University of Paris II and, for the Book VI on Businesses in difficulty, of Françoise Perochon, Professor at the University of Montpellier I.

30. Attached hereto as Exhibit F-13 is a true and correct copy of the French Civil Code, Article 1240 dated October 1, 2016 and its English translation by John Cartwright, Professor of the Law of Contract and Director of the Institute of European and Comparative Law, University of Oxford, and Tutor in Law, Christ Church, Oxford, Professor of Anglo-American Private Law, University of Leiden; Bénédicte Fauvarque-Cosson, Professeur à l'Université Panthéon-Assas (Paris II); and Simon Whittaker, Professor of European Comparative Law, University of Oxford and Fellow and Tutor in Law, St. John's College, Oxford.

31. Attached hereto as Exhibit F-14 is a true and correct copy of an excerpt from the Paris High Court Decision 15/00961 dated September 29, 2016 and its certified English translation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 5, 2022 in Paris, France.

Stéphane Bonifassi

DECLARATION OF STÉPHANE BONIFASSI IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782