# Exhibit F-2



Pièce 8

**Quimicum S.à r.l.**

*Société à responsabilité limitée*

Registered office: L-5365 Munsbach, 6C, rue Gabriel Lippmann

R.C.S. Luxembourg: B 41 114

(the **Company**)

---

## MINUTES OF THE ANNUAL GENERAL MEETING OF THE SHAREHOLDERS HELD ON 8 SEPTEMBER 2020 AT THE COMPANY'S REGISTERED OFFICE

---

The annual general meeting of shareholders of the Company (hereafter the "**Meeting**") was opened at 15:00 and proceeded with the appointment of the members of the bureau who have accepted their appointments:

| | |
|---|---|
| Chairman: | Mr. Eric LIE |
| Scrutineer: | Mr. Olivier WAUTERS |
| Secretary: | Mrs. Caroline HALEMBERT |

It is also noted that Mr. Roland Venturini was present by phone.

**REPORT OF THE CHAIRMAN:**

The Chairman reported and the Meeting recognized:

THAT the shareholders have been convened to the Meeting by means of registered letters and emails sent on 27 August 2020, the copies of which will remain attached to these minutes;

THAT the shareholders were represented as indicated on the attendance list, signed by their appointed proxies or agents before the opening of the meeting. As per the attendance list, all of registered shares were represented;

THAT the shareholders declared that they had full knowledge of the agenda and irrevocably waived all rights to convening notices and period;

THAT the proxies after having been signed "ne varietur" will remain attached to the present minutes;

THAT the present meeting had the following:

### AGENDA

1. Presentation of the statutory annual accounts for the financial year ended on 31 December 2018 and of the related board report (if any);
2. Q&A session on annual accounts and current management;
3. Approval of the statutory annual accounts for the financial year ended on 31 December 2018;
4. Allocation of the results and definition of distribution policy;
5. Discharge (quitus) to the managers of the Company for the performance of their mandates during and in connection with the financial year ended on 31 December 2018;

6. Appointment of Mr. Christophe Salin as manager of the Company;
7. Appointment of a candidate proposed by Mondo Bongo as manager of the Company;
8. Acknowledgment of the resignation of Mr. Stewart Kam-Cheong as manager of the Company and appointment of Mr. Eric Lie (or another Ocorian representative) as manager of the Company;
9. Liquidation of the Company; and
10. Miscellaneous

THAT the annual accounts of the Company, for the financial year ended 31 December 2018 (the "**2018 Annual Accounts**") have been submitted by the sole manager of the Company to the shareholders in advance of the Meeting.

**HAVING DULY CONSIDERED EACH ITEM OF THE AGENDA, THE MEETING TAKES THE FOLLOWING RESOLUTIONS:**

<u>**FIRST RESOLUTION**</u>

The Meeting acknowledges the 2018 Annual Accounts for the financial year which ended on 31 December 2018 showing a balance sheet total of seventy-two million nine hundred forty-one thousand fifty-three euro and eight cents (EUR 72,941,053.08), and acknowledges a profit of one hundred eighty-eight thousand seven hundred eighty-seven euro and twenty-seven cents (EUR 188,787.27).

The Meeting acknowledges that the Company did not have the obligation to prepare a manager's report.

This resolution was approved as follows:

1.000 shares voting in favour;
0 shares not voting (abstention);
0 shares voting against.

<u>**SECOND RESOLUTION**</u>

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Since the sole manager of the Company is not present to answer questions in relation with the 2018 Annual Accounts and more generally the management of the Company and supervision of its subsidiaries, we reserve the right to submit questions in writing after the Meeting. This said, during a call with the sole manager on 2 September 2020, it appeared that management had not interacted in any manner with its subsidiaries, neither as regards the supervision thereof, nor as regards defining an appropriate deleveraging and/or distribution policy.".*

The Meeting also acknowledges that Mondo Bongo LLC has requested that the following statement be recorded in the minutes:

*"Mondo Bongo LLC would also welcome any proposals from the management of the Company regarding appropriate deleveraging and distribution policy."*

For avoidance of doubts, this resolution was not submitted to any vote.

**THIRD RESOLUTION**

The Meeting approves the 2018 Annual Accounts for the financial year which ended on 31 December 2018 showing a balance sheet total of seventy-two million nine hundred forty-one thousand fifty-three euro and eight cents (EUR 72,941,053.08), and approves a profit of one hundred eighty-eight thousand seven hundred eighty-seven euro and twenty-seven cents (EUR 188,787.27).

This resolution was approved as follows:

> 1.000 shares voting in favour;
> 0 shares not voting (abstention);
> 0 shares voting against.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC approves the 2018 Annual Accounts under the condition that the management of the Company analyses and submits proposals on how to distribute profits and/or reimburse existing shareholder loans to the shareholders going forward. Nouvel LLC states that the Company is profitable and/or could be cash generating (and understands that this is so for the subsidiaries) and is opposed to the fact that no profits are ever distributed and/or shareholder loans repaid".*

The Meeting also acknowledges that Mondo Bongo LLC has requested that the following statement be recorded in the minutes :

*"Mondo Bongo LLC would also welcome proposals on how to distribute profits and refund existing shareholders loans."*

**FOURTH RESOLUTION**

The Meeting resolves to carry forward the profit of one hundred eighty-eight thousand seven hundred eighty-seven euro and twenty-seven cents (EUR 188,787.27).

This resolution was approved as follows:

> 1.000 shares voting in favour;
> 0 shares not voting (abstention);
> 0 shares voting against.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC approves that the profits (carried forward and as result of the financial year ended on 31 December 2018) are carried forward to the following year under the condition that management of the*

*Company analyses and submits proposals by no later than 15 October 2020 on how to distribute profits and/or reimburse existing shareholder loans to the shareholders going forward"*

The Meeting also acknowledges that Mondo Bongo LLC has requested that the following statement be recorded in the minutes:

*"Mondo Bongo also looks forward to receiving such proposals."*

### FIFTH RESOLUTION

The Meeting resolves to grant discharge (*Quitus*) to managers for the execution of their mandate during the financial year ended on 31 December 2018.

This resolution was voted as follows:

> 500 shares voting in favour;
> 0 shares not voting (abstention);
> 500 shares voting against.

As consequence of the above vote, the discharge (Quitus) has not been granted to the managers for the execution of their mandate during the financial year ended on 31 December 2018.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC is opposed to granting discharge to the managers of the Company for the execution of their mandate during the financial year ended on 31 December 2018 on the grounds that no appropriate supervision of its subsidiary entities has occurred".*

The Meeting also takes note that Mondo Bongo LLC was in favour of granting discharge (*Quitus*) to the managers for the execution of their mandate during the financial year ended on 31 December 2018.

Mondo Bongo LLC regrets the opposition of Nouvel LLC, which is not in the interest of the Company. We notice that nor the management and either Mondo Bongo LLC received prior notice related to this opposition, despite the facts that the financial year 2018 ended already more than 18 months ago. Mondo Bongo LLC can only be surprised by such unexpected and ungrounded decision

In addition, Mondo Bongo LLC does not understand the term of "appropriate supervision", as Quimicum is not the manager of Chateau Miraval.

Mondo bongo LLC reminds Nouvel LLC that the supervision of the subsidiary is managed at the level of the subsidiary, by its own managers and this should not be a cause to refuse to discharge the Company's manager for the execution of his mandate.

Nouvel LLC replies that this position was made clear in the call on 2 September 2020.

### SIXTH RESOLUTION

The Meeting resolves to appoint Mr. Christophe Salin, born on 21 April 1955 in Epernay (France), residing at 21 boulevard Flandrin, 75116 Paris (France), as new manager of the Company with immediate effect and for for an indefinite period.

This resolution was voted as follows:

> 500 shares voting in favour;
> 0 shares not voting (abstention);
> 500 shares voting against.

As consequence of the above vote, the appointment of Mr. Christophe Salin has not been acted.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC's position is that equal representation of both shareholders must be implemented both at the level of the Company and Château Miraval. Nouvel LLC deeply regrets that Mondo Bongo LLC is opposed to the appointment to the board of the Company of an imminent expert with extensive knowledge and experience in the wine industry, which appointment Nouvel LLC considers would be in the best interest of the Company and of its subsidiaries. Nouvel LLC insists on the need for the shareholders to agree joint governance based on equal rights. The refusal to seriously discuss and agree such by Mondo Bongo LLC is highly harmful to the Company and its subsidiaries. Nouvel LLC is highly concerned that Mondo Bongo LLC does, without a mandate and without concertation with Nouvel LLC, de facto run the Company and its subsidiaries and ignores any rights of its co-shareholder in this respect. Nouvel LLC reserves all rights in regards of this unacceptable situation."*

The Meeting also acknowledges that Mondo Bongo LLC has requested the following statement:

*"The proposal made by Nouvel LLC is not in the interest of Quimicum SARL and might lead to serious lock down situations. The opposition already made by Nouvel LLC above in resolution 5 is a first example.*

*In addition, Mondo Bongo LLC refuses the unacceptable and untrue statement according which Mondo Bongo LLC would de facto run Quimicum and its subsidiaries. This statement has no ground and is totally unjustified. Mondo Bongo LLC reserves all rights in regards of this unacceptable statement."*

*Mondo Bongo LLC and Nouvel LLC have been agreeing to joint governance based on equal rights by nominating and renewing a sole representative of Quimicum SARL. Mondo Bongo LLC does not ignore any rights of its co-shareholder at the level of Quimicum SARL, as proven by the present assembly.*

Nouvel LLC replies that the interest of the Company is to have joint governance which can be quickly implemented with Nouvel LLC, having made appropriate proposals to this effect. Nouvel LLC restates its view that Mondo Bongo LLC representatives de facto run the Company and its subsidiaries.

<u>**SEVENTH RESOLUTION**</u>

The Meeting acknowledges that no candidate was proposed by Mondo Bongo LLC for appointment as manager and that this resolution was not submitted to any vote.

The Meeting further acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC regrets that Mondo Bongo LLC does not present a candidate for appointment as this constitutes a missed opportunity to achieve equal representation of both shareholders".*

The Meeting finally acknowledges that Mondo Bongo LLC has reserved its rights to comment the Nouvel LLC statement related to the seventh resolution.

Mondo Bongo LLC reminds Nouvel LLC that there was already an equal representation of the shareholders at the level of the Company as one manager was unanimously appointed.

### EIGHTH RESOLUTION

The Meeting acknowledges the resignation of Mr. Stewart Kam-Cheong from his mandate as sole manager of the Company with effect as of 8 September 2020.

The Meeting resolves to appoint Mr. Eric Lie, born on 19 June 1981 in Sedan (France), residing professional at 6C Rue Gabriel Lippmann L 5365 Munsbach, as new manager of the Company with immediate effect and for for an indefinite period.

This resolution was voted as follows:

> 500 shares voting in favour;
> 0 shares not voting (abstention);
> 500 shares voting against.

As consequence of the above vote, the appointment of Mr. Eric Lie has not been acted and the resignation of Mr. Stewart Kam-Cheong has not been accepted.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

*"Nouvel LLC opposes the appointment of Mr. Eric Lie as manager of the Company as long as both shareholders do not have equal representation both at the board on the Company level as well as on Château Miraval level. Nouvel LLC requests as matter of highest priority that real joint governance be introduced at the level of the corporate bodies of the Company and its subsidiaries".*

Mondo Bongo LLC considers Nouvel LLC's decision to be against the best interest of the Company. Mondo Bongo LLC also reserves all rights in regards of this matter.

### NINTH RESOLUTION

The Meeting acknowledges the intention to study the potential liquidation of the Company and the efficiency of having a Luxembourg Company within the group.

This resolution was not submitted to any vote.

The Meeting acknowledges that Nouvel LLC has requested that the following statement be recorded in the minutes:

"*Nouvel LLC is not necessarily opposed to a liquidation of the Company but will not approve it for so long as the consequences of such liquidation, notably but not exclusively from a tax perspective, have not been analysed and discussed between the shareholders. Before any liquidation, the shareholders should first discuss how such liquidation should happen (winding-up of the Company, sale of its assets, etc...) and how the liquidation will ensure equal representation at the level of Château Miraval*".

The Meeting further acknowledges that Mondo Bongo LLC has requested the current management of the Company to study the potential liquidation of the Company and the efficiency of having a Luxembourg Company within the group and to come back with some proposal.

Nothing further being on the agenda, and no one present asking to speak, the meeting was closed at _18:00_ **p.m.**

The secretary read the present minutes.

The reading completed, the minutes were approved and signed.

*[Remainder of the page left blank – signature page follows]*

**EXHIBIT F-2**
**PAGE 28**

*[Signature page of the minutes of the annual general meeting of Quimicum S.à r.l. relating to the approval of its annual accounts for the financial year ended on 31 December 2018]*

| First name | Surnames | Quality | Signatures |
|---|---|---|---|
| Eric | LIE | Chairman | |
| Olivier | WAUTERS | Scrutineer | |
| Caroline | HALEMBERT | Secretary | |

| Shareholder | Number of Shares: | Proxyholder | Signature of shareholder / proxyholder |
|---|---|---|---|
| Nouvel LLC | 500 (50% of share capital) | | By: Me Laurent Schummer<br>Title: Avocat à la Cour |
| Mondo Bongo LLC | 500 (50% of share capital) | | By: Me Franck Le Mentec<br>Title: Avocat à la Cour |
| **TOTAL** | **1,000** | | |

**Quimicum S.à r.l.**
*Société à responsabilité limitée*
Registered office: L-5365 Munsbach, 6C, rue Gabriel Lippmann
R.C.S. Luxembourg: B 41 114
(the **Company**)

**ANNUAL GENERAL MEETING OF THE SHAREHOLDERS HELD ON 8 SEPTEMBER 2020**
**AT THE COMPANY'S REGISTERED OFFICE**

**ATTENDANCE LIST**

| Name of the shareholders | Number of shares | Represented by | Signatures |
|---|---|---|---|
| **Mondo Bongo LLC** | 500 shares | *Franck le Juter* | |
| **Nouvel LLC** | 500 shares | *Laurent Schummer* | |
| Total | **1,000 shares** | | |

The bureau

Eric LIE
*Chairman*

Olivier WAUTERS
*Scrutineer*

Caroline HALEMBERT
*Secretary*

## POWER OF ATTORNEY

### FOR THE ANNUAL GENERAL MEETING OF THE SHAREHOLDERS

The undersigned, **Mondo Bongo, LLC**, a limited liability company, having its registered office at 9100 Wilshire Boulevard, CA 90212 West Beverly Hills, United States of America registered under the laws of the State of California, USA (the **Undersigned**) being shareholder of the company, **Quimicum S.à r.l.**, a *société à responsabilité limitée*, with registered office at L-5365 Munsbach, 6C rue Gabriel Lippmann and registered with the Luxembourg Trade and Companies' Register under the number B 41114 (the **Company**),

hereby appoints as its true and lawful agent to act for the Undersigned and in its name, place and stead, with full power of substitution and sub-delegation (the **Proxyholder**):

Franck Le Qeuter

who is authorized to represent individually the Undersigned at the ordinary general meeting of the shareholders of the Company, to be held on or around 8 September 2020, at the registered office of the Company, with respect to the matters relating to the agenda mentioned hereunder:

### AGENDA

1)  *Presentation of the statutory annual accounts for the financial year ended on 31 December 2018 and of the related board report (if any).*

2)  *Q&A session on annual accounts and current management.*

3)  *Approval of the statutory annual accounts for the financial year ended on 31 December 2018.*

4)  *Allocation of the results and definition of distribution policy.*

5)  *Discharge (quitus) to the managers of the Company for the performance of their mandates during and in connection with the financial year ended on 31 December 2018.*

6)  *Appointment of Mr. Christophe Salin as manager of the Company.*

7)  *Appointment of a candidate proposed by Mondo Bongo as manager of the Company.*

8)  *Acknowledgment of the resignation of Mr. Stewart Kam-Cheong as manager of the Company and appointment of Mr. Eric Lie (or another Ocorian representative) as manager of the Company.*

9)  *Liquidation of the Company*

10) *Miscellaneous*

The Undersigned hereby waives and authorizes the Proxyholder to waive any and all procedures of convening or others of the aforementioned shareholders annual general meeting of the Company.

This power of attorney confers discretionary authority for the Proxyholder to vote in his or her discretion with respect to amendments or variations to matters, if any, identified in the notice of meeting accompanying this power of attorney or such other matters which may come before the meeting.

The Undersigned undertakes to indemnify the Proxyholder fully against all claims, losses, costs, expenses, damages or liability which the Proxyholder sustains or incurs as a result of any action taken by him in good faith pursuant to this power of attorney including any costs incurred in enforcing this power of attorney.

This power of attorney is governed by, and shall be construed in accordance with the laws of the Grand-Duchy of Luxembourg, without giving effect to any choice of law or conflict of law provision or rule (whether of the Grand-Duchy of Luxembourg or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the Grand-Duchy of Luxembourg.

The courts of Luxembourg-city, Grand-Duchy of Luxembourg, shall have exclusive jurisdiction to settle any dispute, which may arise out of, or in connection with, this power of attorney and accordingly any proceeding, suit or action arising out of, or in connection with, this power of attorney may be brought in such courts.

Given on _August 31st, 2020_.

**EXECUTED** by:

**Mondo Bongo, LLC**

Eric Lie
08/29/2020

**EXHIBIT F-2**
**PAGE 32**

**POWER OF ATTORNEY**

**FOR THE ANNUAL GENERAL MEETING OF THE SHAREHOLDERS**

The undersigned, **Nouvel LLC**, a limited liability company, having its registered office at 1990 S. Bundy Drive, CA 900025 Los Angeles, United States of America, registered under the laws of the State of California, USA (the "**Undersigned**") being the holder of five hundred (500) shares, being fifty percent (50%) of the total issued share capital of the company, **Quimicum S.à r.l.**, a *société à responsabilité limitée*, with registered office at L-5365 Munsbach, 6C rue Gabriel Lippmann and registered with the Luxembourg Trade and Companies' Register under the number B 41114 (the "**Company**"),

hereby appoints as its true and lawful agent to act for the Undersigned and in its name, place and stead, with full power of substitution and sub-delegation (the "**Proxyholder**"):

Me Laurent Schummer, *Avocat à la Cour*, partner at Arendt & Medernach S.A., with full power of substitution,

who is authorized to represent individually the Undersigned at the ordinary general meeting of the shareholders of the Company, to be held on or around 8 September 2020, at the registered office of the Company, with respect to all the matters relating directly or indirectly to the agenda mentioned hereunder:

**AGENDA**

1) *Presentation of the statutory annual accounts for the financial year ended on 31 December 2018 and of the related board report (if any).*

2) *Q&A session on annual accounts and current management.*

3) *Approval of the statutory annual accounts for the financial year ended on 31 December 2018.*

4) *Allocation of the results and definition of distribution policy.*

5) *Discharge (quitus) to the managers of the Company for the performance of their mandates during and in connection with the financial year ended on 31 December 2018.*

6) *Appointment of Mr. Christophe Sa/in as manager of the Company.*

7) *Appointment of a candidate proposed by Mondo Bongo as manager of the Company.*

8) *Acknowledgment of the resignation of Mr. Stewart Kam-Cheong as manager of the Company and appointment of Mr. Eric Lie (or another Ocorian representative) as manager of the Company.*

9) *Liquidation of the Company*

*10) Miscellaneous*

The Undersigned hereby waives and authorizes the Proxyholder to waive any and all procedures of convening or others of the aforementioned shareholders annual general meeting of the Company.

This power of attorney confers discretionary authority for the Proxyholder to vote in his or her discretion with respect to amendments or variations to matters, if any, identified in the notice of meeting accompanying this power of attorney or such other matters which may come before the meeting.

The Undersigned undertakes to indemnity the Proxyholder fully against all claims, losses, costs, expenses, damages or liability which the Proxyholder sustains or incurs as a result of any action taken by him in good faith pursuant to this power of attorney including any costs incurred in enforcing this power of attorney.

This power of attorney is governed by, and shall be construed in accordance with the laws of the Grand-Duchy of Luxembourg, without giving effect to any choice of law or conflict of law provision or rule (whether of the Grand-Duchy of Luxembourg or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the Grand-Duchy of Luxembourg.

The courts of Luxembourg-city, Grand-Duchy of Luxembourg, shall have exclusive jurisdiction to settle any dispute, which may arise out of, or in connection with, this power of attorney and accordingly any proceeding, suit or action arising out of, or in connection with, this power of attorney may be brought in such courts.

Given on _September 1, 2020_

EXECUTED by: _Terry Bird, Manager_

**Nouvel LLC**

Eric Li
08/09/2020

(47)

**Quimicum S.à r.l.**

*Société à responsabilité limitée*

Siège social : L-5365 Munsbach, 6C, rue Gabriel Lippmann

R.C.S. Luxe mbourg : B 41114

(la **Société)**

---

**PROCÈS-VERBAL DE L'ASSEMBLÉE GÉNÉRALE ANNUELLE DES ACTIONNAIRES TENUE LE 8 SEPTEMBRE 2020 AU SIÈGE SOCIAL DE LA SOCIÉTÉ.**

---

L'assemblée générale annuelle des actionnaires de la société (ci-après **"l'assemblée")** a été ouverte à 15h00 et a procédé à la nomination des membres du bureau qui ont accepté leur nomination :

Président :      M. Eric LIE
Scrutateur :      M. Olivier WAUTERS
Secrétaire :      M rs. Caroline HALEMBERT

Il est également noté que M. Roland Venturini était présent par téléphone.

**RAPPORT DU PRÉSIDENT :**

Le président a fait son rapport et l'assemblée a pris acte :

QUE les actionnaires ont été convoqués à l'Assemblée au moyen de lettres recommandées et de courriels envoyés le 27 août 2020, dont les copies resteront jointes au présent procès-verbal ;

QUE les actionnaires étaient représentés comme indiqué sur la liste de présence, signée par leurs mandataires ou agents désignés avant l'ouverture de la réunion. Comme indiqué sur la liste de présence, toutes les actions nominatives étaient représentées ;

QUE les actionnaires déclarent avoir pris connaissance de l'ordre du jour et renoncent irrévocablement à tout droit à la convocation et au délai ;

QUE les procurations, après avoir été signées "ne varietur", resteront annexées au présent procès-

verbal ; QUE la présente réunion s'est déroulée comme suit :

**AGENDA**

1. Présentation des comptes annuels statutaires pour l'exercice clos le 31 décembre 2018 et du rapport du conseil d'administration y afférent (le cas échéant) ;
2. Séance de questions-réponses sur les comptes annuels et la gestion courante ;
3. Approbation des comptes annuels statutaires pour l'exercice clos le 31 décembre 2018 ;
4. Affectation des résultats et définition de la politique de distribution ;
5. Décharge (quitus) aux dirigeants de la société pour l'exécution de leurs mandats durant l'année et en relation avec l'exercice clos le 31 décembre 2018 ;

6.   Nomination de M. Christophe Salin en tant que gérant de la société ;
7.   Nomination d'un candidat proposé par Mondo Bongo en tant que gérant de la société ;
8.   Prise en compte de la démission de M. Stewart Kam-Cheong en tant que gérant de la société et nomination de M. Eric Lie (ou un autre représentant d'Ocorian) en tant que gérant de la société ;
9.   la liquidation de la société ; et
10.  Divers

QUE les comptes annuels de la Société, pour l'exercice clos le 31 décembre 2018 (les **" Comptes annuels 2018 ")** ont été soumis par le gérant unique de la Société aux actionnaires avant l'Assemblée.

**APRÈS AVOIR DÛMENT EXAMINÉ CHAQUE POINT DE L'ORDRE DU JOUR, L'ASSEMBLÉE PREND LES RÉSOLUTIONS SUIVANTES :**

### PREMIÈRE RÉSOLUTION

L'Assemblée prend acte des Comptes Annuai 2018 pour l'exercice clos le 31 décembre 2018 faisant apparaître un total de bilan de soixante-douze millions neuf cent quarante et un mille cinquante-trois euros et huit cents (72 941 053,08 euros), et constate un bénéfice de cent quatre-vingt-huit mille sept cent quatre-vingt-sept euros et vingt-sept cents (188 787,27 euros).

L'assemblée reconnaît que la société n'avait pas l'obligation de préparer un rapport du gestionnaire.

Cette résolution a été approuvée comme suit :

1.000 actions votant en faveur ;
O actions ne votant pas
(abstention) ; 0 action votant
contre.

### DEUXIÈME RÉSOLUTION

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*" Le gérant unique de la Société n'étant pas présent pour répondre aux questions en rapport avec les Comptes Annuels 2018 et plus généralement la gestion de la Société et la supervision de ses filiales, nous nous réservons le droit de soumettre des questions par écrit après l'Assemblée. Cela dit, lors d'un cal/ avec le gérant unique le 2 septembre 2020, il est apparu que la direction n'avait pas interagi de quelque manière que ce soit avec ses filiales, ni en ce qui concerne la supervision de celles-ci, ni en ce qui concerne la définition d'une politique de désendettement et/ou de distribution appropriée. ".*

L'assemblée reconnaît également que Mondo Bongo LLC a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Mondo Bongo LLC accueillerait également avec plaisir toute proposition de la direction de la société concernant une politique appropriée de désendettement et de distribution."*

Pour éviter tout doute, cette résolution n'a été soumise à aucun vote.

**TROISIÈME RÉSOLUTION**

L'Assemblée approuve les comptes annuels 2018 de l'exercice clos le 31 décembre 2018 faisant apparaître un total de bilan de soixante-douze millions neuf cent quarante et un mille cinquante-trois euros et huit cents (72 941 053,08 EUR), et approuve un bénéfice de cent quatre-vingt -huit mille sept cent quatre-vingt-sept euros et vingt-sept cents (188 787,27 EUR).

Cette résolution a été approuvée comme suit :

> 1.000 actions votant en faveur ;
> 0 action ne votant pas
> (abstention) ; 0 action votant
> contre.

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Nouvel LLC approuve les comptes annuels 2018 à la condition que la direction de la Société analyse et soumette des proposais sur la manière de distribuer les bénéfices et/ou de rembourser les prêts d'actionnaires existants aux actionnaires à l'avenir. Nouvel LLC déclare que la Société est rentable et/ou pourrait être génératrice de trésorerie (et comprend que c'est le cas pour les subsidia ries) et s'oppose au fait qu'aucun bénéfice ne soit jamais distribué et/ou que les prêts d'actionnaires soient remboursés ".*

L'assemblée reconnaît également que Monda Bongo LLC a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"M onda Bongo LLC accueillerait également avec plaisir des propositions sur la manière de distribuer les bénéfices et de rembourser les prêts aux actionnaires existants."*

**QUATRIÈME RÉSOLUTION**

L'Assemblée décide de reporter le bénéfice de cent quatre-vingt-huit mille sept cent quatre-vingt-sept euros et vingt-sept cents (188 787,27 EUR).

Cette résolution a été approuvée comme suit :

> 1.000 actions votant en faveur ;
> 0 action ne votant pas
> (abstention) ; 0 action votant
> contre .

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*" La SARL Nouvel approuve que les bénéfices (reportés et résultant de l'exercice clos le 31 décembre 2018] soient reportés sur l'exercice suivant à la condition que la direction de la société.*

*La société analyse et soumet des propositions, au plus tard le 15 octobre 2020, sur la manière de distribuer les bénéfices et/ou de rembourser les prêts existants aux actionnaires à l'avenir".*

L'assemblée reconnaît également que Mondo Bongo LLC a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Monda Bongo se réjouit également de recevoir de telles propositions."*


## CINQUIÈME RÉSOLUTION

L'Assemblée décide de donner quitus *(Quitus)* aux gérants pour l'exécution de leur mandat au cours de l'exercice clos le 31 décembre 2018.

Cette résolution a été votée comme suit :

> 500 actions votent en faveur ;
> 0 action ne votant pas
> (abstention) ; 500 actions votant
> contre.

En conséquence du vote ci-dessus, le quitus (Quitus) n'a pas été accordé aux gérants pour l'exécution de leur mandat au cours de l'exercice clos le 31 décembre 2018.

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"La SARL Nouvel s'oppose à donner quitus aux dirigeants de la société pour l'exécution de leur mandat au cours de l'exercice clos le 31 décembre 2018 au motif qu'aucune surveillance appropriée de ses entités filiales n'a eu lieu".*

L'Assemblée prend également acte que Mondo Bongo LLC était favorable à l'octroi du quitus *(Quitus)* aux gérants pour l'exécution de leur mandat au cours de l'exercice clos le 31 décembre 2018.

Mondo Bongo LLC regrette l'opposition de Nouvel LLC, qui n'est pas dans l'intérêt de la société. Nous constatons que ni la direction ni Mondo Bongo LLC n'ont reçu de préavis relatif à cette opposition, alors que l'exercice 2018 s'est terminé il y a déjà plus de 18 mois. Mondo Bongo LLC ne peut qu'être surpris par une telle décision inattendue et non fondée.

En outre, Mondo Bongo LLC ne comprend pas le terme de "supervision appropriée", car Quimicum n'est pas le gestionnaire du Château Miraval.

Mondo bongo LLC rappelle à Nouvel LLC que la surveillance de la filiale est gérée au niveau de la filiale, par ses propres dirigeants et que cela ne doit pas être une cause pour refuser de décharger le dirigeant de la société pour l'exécution de son mandat.

Nouvel LLC répond que cette position a été clairement exprimée dans l'appel du 2 septembre 2020.

## SIXIÈME RÉSOLUTION

L'Assemblée décide de nommer M. Christophe Salin, né le 21 avril 1955 à Epernay (France), domicilié au 21 boulevard Flandrin, 75116 Paris (France), en qualité de nouveau gérant de la Société avec effet immédiat et pour une durée indéterminée.

Cette résolution a été votée comme suit :

>500 actions votent en faveur ;
>0 action ne votant pas
>(abstention) ; 500 actions votant
>contre.

En conséquence du vote ci-dessus, la nomination de M. Christophe Salin n'a pas été mise en œuvre.

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*" La position de Nouvel LLC est que la représentation égale des deux actionnaires doit être mise en œuvre tant au niveau de la Société que du Château Miraval. Nouvel LLC regrette profondément que Mondo Bongo LLC s'oppose à la nomination au conseil d'administration de la Société d'un expert imminent ayant une connaissance et une expérience approfondies de l'industrie du vin, nomination que Nouvel LLC considère comme étant dans le meilleur intérêt de la Société et de ses subsi diaires. Nouvel LLC insiste sur la nécessité pour les actionnaires de convenir d'une gouvernance commune basée sur l'égalité des droits. Le refus de Mondo Bongo LLC de discuter sérieusement et de convenir d'un tel accord est hautement préjudiciable à la Société et à ses filiales. Nouvel LLC est très préoccupée par le fait que Mondo Bongo LLC, sans mandat et sans concertation avec Nouvel LLC, dirige de facto la Société et ses filiales et ignore les droits de son co-actionnaire à cet égard. Nouvel LLC se réserve tous les droits face à cette situation inacceptable".*

L'assemblée reconnaît également que Mondo Bongo LLC a demandé la déclaration suivante :

*"La proposition faite par Nouvel LLC n'est pas dans l'intérêt de Quimicum SARL et pourrait conduire à de graves situations de blocage. L'opposition déjà faite par Nouvel LLC ci-dessus dans la résolution 5 en est un premier exemple.*

*En outre, Mondo Bongo LLC refuse l'affirmation inacceptable et mensongère selon laquelle Mondo Bongo LLC dirigerait de facto Quimicum et ses filiales. Cette affirmation n'a aucun fondement et est totalement injustifiée. Mondo Bongo LLC se réserve tous les droits relatifs à cette déclaration inacceptable."*

*La SARL Mondo Bongo et la SARL Nouvel ont accepté une gouvernance commune basée sur l'égalité des droits en nommant et en renouvelant un représentant unique de Quimicum SARL. Mondo Bongo LLC n'ignore aucun des droits de son co-actionnaire au niveau de Quimicum SARL, comme le prouve la présente assemblée.*

Nouvel LLC répond que l'intérêt de la Société est d'avoir une gouvernance commune qui peut être rapidement mise en place avec Nouvel LLC, ayant fait des propositions appropriées à cet effet. Nouvel LLC réaffirme son point de vue selon lequel les représentants de Mondo Bongo LLC dirigent de facto la Société et ses filiales.

## SEPTIÈME RÉSOLUTION

L'assemblée prend acte qu'aucun candidat n'a été proposé par Mondo Bongo LLC pour être nommé gérant et que cette résolution n'a été soumise à aucun vote.

L'assemblée reconnaît en outre que Nouvel LLC a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Nouvel LLC regrette que Monda Bongo LLC ne présente pas de candidat à la nomination car cela constitue une occasion manquée de parvenir à une représentation égale des actionnaires du bain".*

L'Assemblée reconnaît enfin que Mondo Bongo LLC s'est réservé le droit de commenter la déclaration de Nouvel LLC relative à la septième résolution.

Mondo Bongo LLC rappelle à Nouvel LLC qu'il y avait déjà une représentation égale des actionnaires au niveau de la société puisqu'un gérant a été nommé à l'unanimité.

<u>**HUITIÈME RÉSOLUTION**</u>

L'assemblée prend acte de la démission de M. Stewart Kam-Cheong de son mandat de gérant unique de la société avec effet au 8 septembre 2020.

L'Assemblée décide de nommer M. Eric Lie, né le 19 juin 1981 à Sedan (France), domicilié professionnellement au 6C Rue Gabriel Lippmann L 5365 Munsbach, comme nouveau gérant de la Société avec effet immédiat et pour une durée indéterminée.

Cette résolution a été votée comme suit :

> 500 actions votent en faveur ;
> 0 action ne votant pas
> (abstention) ; 500 actions votant
> contre.

En conséquence du vote ci-dessus, la nomination de M. Eric Lie n'a pas été actée et la démission de M. Stewart Kam-Cheong n'a pas été acceptée.

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Nouvel LLC s'oppose à la nomination de Monsieur Eric Lie en tant que gérant de la Société tant que les actionnaires de bain n'auront pas une représentation égale tant au conseil d'administration au niveau de la Société qu'au niveau du Château Miraval. Nouvel LLC demande en toute priorité qu'une véritable gouvernance paritaire soit mise en place au niveau des organes sociaux de la Société et de ses filiales"* .

La SARL Monde Bongo considère que la décision de la SARL Nouvel est contraire à l'intérêt de la société. La SARL Monde Bongo se réserve également tous ses droits en ce qui concerne cette affaire.

<u>**NEUVIÈME RÉSOLUTION**</u>

L'Assemblée prend acte de l'intention d'étudier la liquidation éventuelle de la Société et l'efficacité d'avoir une Société luxembourgeoise au sein du groupe.

Cette résolution n'a été soumise à aucun vote.

L'assemblée reconnaît que la SARL Nouvel a demandé que la déclaration suivante soit enregistrée dans le procès-verbal :

*"Nouvel LLC n'est pas nécessairement opposée à une liquidation de la Société mais ne l'approuvera pas tant que les conséquences de cette liquidation, notamment mais non exclusivement /y /d'un point de vue fiscal, n'auront pas été analysées et discutées entre les actionnaires. Avant toute liquidation, les actionnaires devraient d'abord discuter des modalités de cette liquidation (liquidation de la Société, vente de ses actifs, etc...) et de la manière dont la liquidation assurera une représentation égale au niveau de Château Miraval".*

L'Assemblée reconnaît également que Mondo Bongo LLC a demandé à la direction actuelle de la Société d'étudier la liquidation potentielle de la Société et l'efficacité d'avoir une Société luxembourgeoise au sein du groupe et de revenir avec une proposition.

L'ordre du jour étant épuisé, et personne ne demandant la parole, la séance est levée à p. m.

Le secrétaire lit le présent procès-verbal.

La lecture terminée, le procès-verbal est approuvé et signé.

*[Le reste de la page est laissé en blanc - la page de signature suit.*

*[Page de signature du procès-verbal de l'assemblée générale annuelle de Quimicum S.à r.l. relatif à l'approbation de ses comptes annuels pour l'exercice clos le 31 décembre 2018].*

| Prénom | Noms de famille | Qualité | Signatures |
|--------|-----------------|---------|------------|
| Eric | LIE | Président | |
| Olivier | WAUTERS | Scrutateur | |
| Caroline | HALEMBERT | Secrétaire | |

| Actionnaire | Nombre d'actions : | Proxyholder | Signature de l'actionnaire / du mandataire |
|-------------|--------------------|-------------|--------------------------------------------|
| Nouvel LLC | 500 (50% du capital social) | | Par : Me Laurent Schummer<br>Titre : Avocat à la Cour |
| Mondo Bongo LLC | 500 (50% du capital social) | | Par : Mentec Titre : Avocat à la Cour |
| **TOTAL** | **1,000** | | |

**Quimicum S.à r.l.**

*Société à responsabilité limitée*

Siège social : L-5365 Munsbach, 6C, rue Gabriel Lippmann

R.C.S. Luxembourg : B 41114

(la **Société**)


**ANNUAL GENERAL MEETING OF THE SHAREHOLDERS HELD ON 8 SEPTEMBER 2020**

**AU SIÈGE SOCIAL DE LA SOCIÉTÉ**


**LISTE DES PARTICIPANTS**


| Nom des actionnaires | Nombre d'actions | Représenté par | Signatures |
|---|---|---|---|
| **Mondo Bongo LLC** | 500 actions | | |
| **Nouvel LLC** | 500 actions | | |
| Total | **1 000 actions** | | |


**Le bureau**

Eric LIE
*Chairman*

Olivié WAUTIER
*ScrutateurSecrétaire*

Caroline HALEMBERT

PROCURATION

POUR L'ASSEMBLÉE GÉNÉRALE ANNUELLE DES ACTIONNAIRES

Le soussigné, **Mondo Bongo,** LLC, une société à responsabilité limitée, dont le siège social est situé au 9100 Wilshlre Boulevard, CA 90212 West Beverly Hllls, Etats-Unis d'Amérique, enregistrée selon les lois de l'Etat de Callfornia, USA (le **soussigné),** est le principal actionnaire de la société Qulmlcum S.à.

r.l., une *société a responsobiJ;té limitée, dont le* siège social est situé à L-5365 Munsbach, 6C rue Gabriel Lippmann et inscrite au registre du commerce et des sociétés de Luxembourg sous le numéro B 41114 (la **Société),**

désigne par la présente son mandataire légitime pour agir au nom du soussigné, en son nom, en son lieu et place, avec pleins pouvoirs de substitution et de subdélégation (le **mandataire) :**

""

qui est autorisé à représenter individuellement le Soussigné à l'assemblée générale ordinaire des actionnaires de la Société, qui se tiendra le ou vers le 8 septembre 2020, au siège social de la Société, en ce qui concerne les questions relatives à l'ordre du jour mentionné ci-dessous :

### *AGENDA*

1}   *Présentatlon des comptes onnuol sttutaires pour l'exercice fflnancier clos le* 31 *décembre 2018 et du rapport du conseil d'administration y afférent (Le cas échéant},*

2}*Séance de questions-réponses sur les comptes annuels et la gestion courante.*

3}*Approbation des comptes annuels statutaires pour l'exercice financier clos le 31 décembre. 201B.*

4)   *Allocotlon des resufts et deflnltlon de la répartition pollcy.*

5)   *Quirtus aux dirigeants de la Société pour l'exécution de leurs mandats pendant et en relation avec l'exercice financier clos le 31 décembre 1018.*

6)   *Nomination de M. Christophe Sa/ln en tant que gérant de la société.*

7)   *Nomination d'un candidat proposé par Monda Bongo* en tant que *gérant de la société.*

**8)** *Reconnaissance de la démission de M. Stewart Kam-Cheong en tant que directeur de l'Office de la protection du consommateur (OPC). Société et nomination de M. Eric Lie (ou un autre représentant d'Ocorlon) comme directeur de la Société,*

9) *Liquidation de la société JO*

10) *Divers*

Le soussigné renonce et autorise le mandataire à renoncer à toutes les procédures de convocation aux autres assemblées générales ou extraordinaires d'actionnaires de la société susmentionnée.

La présente procuration confère au mandataire le pouvoir discrétionnaire de voter dans son propre intérêt. dlscretion with respect to amendments or variations to matters, If any, Identified in the notice of meeting accompanyinglng thls power of attorney or such other matters whlch may corne before the meeting.

Le soussigné s'engage à indemniser pleinement le mandataire de toutes les réclamations, pertes, coûts, dépenses, dommages ou responsabilités que le mandataire subit ou encourt en raison de toute action entreprise par lui en toute bonne foi conformément à la présente procuration, y compris les coûts encourus pour faire appliquer la présente procuration.

La présente procuration est régie par les lois du Grand-Duché de Luxembourg et doit être interprétée conformément à celles-ci, sans tenir compte des dispositions ou des règles relatives au choix de la loi ou au conflit de lois (que ce soit au Grand-Duché de Luxembourg ou dans toute autre juridiction) qui entraîneraient l'application des lois d'une juridiction autre que le Grand-Duché de Luxembourg.

Les tribunaux de Luicembourg-classe, Grand-Duché de Luxembourg, auront la Jurisdlctlon exclusive pour régler tout litige pouvant résulter de, ou en relation avec, la présente procuration et, en conséquence, toute procédure, poursuite ou action résultant de, ou en relation avec, la présente procuration pourra être portée devant ces tribunaux.

Slven on ___August 31st, 2020___

**E>Coupé** par :

Monda **Bongo**, llC

**PROCURATION**

**POUR L'ASSEMBLÉE GÉNÉRALE ANNUELLE DES ACTIONNAIRES**

Le soussigné, **Nouvel LLC,** une société à responsabilité limitée, ayant son siège social à 1990 S. Bundy Drive, CA 900025 Los Angeles, Etats-Unis d'Amérique, enregistrée selon les lois de l'Etat de Californie, USA (le **"soussigné"**) étant le titulaire de cinq cents
(500) actions, soit cinquante pour cent (50%) du capital social total émis de la société, **Quimicum S.à r.l.,** une *société* à *responsabilité limitée, dont le* siège social est situé à L-5365 Munsbach, 6C rue Gabriel Lippmann et immatriculée au registre du commerce et des sociétés de Luxembourg sous le numéro B 41114 (la **"Société"),**

désigne par la présente comme son mandataire véritable et légitime pour agir au nom du soussigné et en son nom, en son lieu et place, avec plein pouvoir de substitution et de subdélégation (le **"mandataire") :**

Me Laurent Schummer, *Avocat* à *la Cour,* associé de l'étude Arendt & Medernach S.A., avec plein pouvoir de substitution,

qui est autorisé à représenter individuellement le Soussigné à l'assemblée générale ordinaire des actionnaires de la Société, qui se tiendra le ou vers le 8 septembre 2020, au siège social de la Société, pour tout ce qui concerne directement ou indirectement l'ordre du jour mentionné ci-dessous :

**AGENDA**

1)  *Présentation des comptes annuels statutaires pour l'exercice clos le 31 décembre 2018 et du rapport du conseil d'administration y afférent (le cas échéant).*

2)  *Séance de questions-réponses sur les comptes annuels et la gestion courante.*

3)  *Approbation des comptes annuels statutaires pour l'exercice clos le 31 décembre 2018.*

4)  *Affectation des résultats et définition de la politique de distribution.*

5)  *Décharge (quitus) aux dirigeants de la Société pour l'exercice de leurs mandats au cours et à l'occasion de l'exercice clos le 31 décembre 2018.*

6)  *Nomination de M. Christophe Salin en tant que gérant de la société.*

7)  *Nomination d'un candidat proposé par Monda Bongo en tant que gérant de la société.*

8)  *Prise en compte de la démission de M. Stewart Kam-Cheong en tant que gérant de la société et nomination de M. Eric Lie (ou un autre représentant d'Ocorian) en tant que gérant de la société.*

9)  *Liquidation de la société*

*10) Misce/laneous*

Le soussigné renonce et autorise le mandataire à renoncer à toutes les procédures de convocation ou autres de l'assemblée générale annuelle des actionnaires de la société susmentionnée.

La présente procuration confère au fondé de pouvoir le pouvoir discrétionnaire de voter à sa discrétion en ce qui concerne les modifications apportées aux questions, le cas échéant, indiquées dans l'avis de convocation accompagnant la présente procuration ou toute autre question pouvant être soumise à l'assemblée.

Le soussigné s'engage à indemniser pleinement le mandataire de toutes les réclamations, lasses, coûts, dépenses, dommages ou responsabilités que le mandataire subit ou encourt en raison de toute action entreprise par lui de bonne foi en vertu de la présente procuration, y compris les coûts encourus pour faire appliquer la présente procuration.

La présente procuration est régie par les lois du Grand-Duché de Luxembourg et doit être interprétée conformément à celles-ci, sans donner effet à aucune disposition ou règle de choix de loi ou de conflit de lois (que ce soit au Grand-Duché de Luxembourg ou dans toute autre juridiction) qui entraînerait l'application des lois d'une juridiction autre que le Grand-Duché de Luxembourg.

Les tribunaux de la ville de Luxembourg, Grand-Duché de Luxembourg, seront seuls compétents pour régler tout litige pouvant découler de la présente procuration ou s'y rapporter et, par conséquent, toute procédure, poursuite ou action découlant de la présente procuration ou s'y rapportant pourra être portée devant ces tribunaux.

Vu le _____

Exécuté par

**NouvelLLC**