# Exhibit F-4



# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim  L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

## PROCES-VERBAL DE CONSTAT

L'an deux mille vingt-et-un, le onze novembre,

A la requête de la société **MONDO BONGO LLC**, (limited liability company) régie par les lois de l'Etat de Californie, ayant son siège social à 9100 Wilshire Boulevard, DTE 1000W, Beverly Hills, CA 90212, Californie, Etats-Unis d'Amérique, enregistrée avec le registre des sociétés californien (California Registry of Companies) sous le numéro 200810810154,

Elisant domicile en l'étude **LOYENS & LOEFF LUXEMBOURG SARL,** Avocats à la Cour, établie et ayant son siège social à L-2540 Luxembourg, 18-20 rue Edward Steichen, inscrite au Registre du Commerce et des sociétés de Luxembourg sous le numéro B174248, représentée par Maître Véronique HOFFELD, Avocat à la Cour, qui est constituée et qui occupera,

Je soussigné **Guy ENGEL**, Huissier de Justice, demeurant à L-2263 Luxembourg, 2, rue Guido Oppenheim, immatriculé près le Tribunal d'Arrondissement de et à Luxembourg,

Ai procédé au constat qui suit le vendredi 29 octobre 2021 à partir de 11h00.

### FAITS

Le mandataire de la partie requérante m'a demandé d'assister à une assemblée générale de la SARL QUIMICUM, établie et ayant son siège social à L-5365 Munsbach, 6 C, Rue Gabriel Lippmann, inscrite au Registre de Commerce et des Sociétés de Luxembourg sous le numéro B41114.

Etaient présents à cette assemblée générale, en date du 29 octobre 2021 :

- Maître Véronique HOFFELD, avocat à la Cour, demeurant professionnellement en l'étude Loyens & Loeff, représentant de la société MONDO BONGO LLC,

- Maître Patrick RIES, avocat à la Cour, demeurant professionnellement en l'étude Loyens & Loeff, représentant de la société MONDO BONGO LLC,

- Maître Max MAILLIET, avocat à la Cour, demeurant professionnellement en l'étude E2M S.à r.l., représentant de la société NOUVEL LLC,

- Maître Claire RIOU-LE JEUNE, avocat à la Cour, demeurant professionnellement en l'étude E2M S.à r.l. représentant de la société NOUVEL LLC,

- Monsieur Alexey OLIYNIK, Manager de la société NOUVEL LLC,

- Monsieur Todd CULYBA, conseiller juridique de la société NOUVEL LLC

- Monsieur Eric LIE de la société OCORIAN, par conférence téléphonique.

1

 

# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

A 11h05, l'assemblée générale est déclarée ouverte.

Ont été désignés d'un commun accord comme :

- Président de séance, Maître Véronique HOFFELD,
- Scrutateur de séance, Maître Max MAILLIET,
- Secrétaire de séance, Maître Guy ENGEL,

J'ai pris acte des déclarations suivantes.

**Maître Véronique HOFFELD pour le compte de MONDO BONGO** lit la déclaration ci-dessous :

*Mondo Bongo déclare :*

*« Mondo Bongo conteste premièrement que Nouvel LLC détienne 50% des parts de Quimicum S.à r.l., en réalité, Nouvel LLC ne devrait détenir que 40% et Mondo Bongo 60% des parts sociales. Un litige est actuellement pendant à ce sujet devant les juridictions luxembourgeoises. Mondo Bongo suggère que, lors de cette assemblée, les 10% des parts sociales de Quimicum, correspondant à 100 parts sociales, soient considérées comme devant s'abstenir lors de chaque vote. »*

*Mondo Bongo conteste encore que Nouvel LLC ait pu valablement être cédée à Tenute Del Mondo B.V. ou toute autre société apparentée à cette dernière, car Mondo Bongo n'a pas reçu la moindre preuve démontrant un tel transfert et car ce transfert a été fait en violation du droit d'agrément de Mondo Bongo de manière frauduleuse, sinon abusive. »*

**Maître Max MAILLIET, pour le compte de la société NOUVEL LLC** (ci-après « NOUVEL »), conteste les réserves de MONDO BONGO LLC (ci-après « MONDO BONGO »), qui s'estime être valablement propriétaire de 50% des parts sociales de la SARL QUIMICUM et conteste que son acquisition de NOUVEL soit frauduleuse et abusive. Il considère les propos tenus par MONDO BONGO comme calomnieux et diffamatoires et se réserve tous ses droits.

**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL**, affirme qu'il s'attendait à une réunion d'affaire en bonne et due forme. Il regrette et s'oppose à l'approche agressive, arrogante et diffamatoire adoptée par MONDO BONGO et va consulter ses avocats en vue d'éventuelles actions judiciaires à entreprendre contre MONDO BONGO et/ou ses avocats.

**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL**, regrette qu'il n'y ait pas de « Business People » dans la réunion, pour avoir des discussions sérieuses car le champ d'application de la procuration détenue par Loyens & Loeff serait fortement limité.

**Maître Véronique HOFFELD, pour le compte de MONDO BONGO**, apporte ses réponses. La position de MONDO BONGO n'est ni agressive, ni diffamatoire et Maître HOFFELD lit la déclaration ci-dessous :

*Mondo Bongo déclare :*

2




# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

*« Mondo Bongo déclare que, bien qu'elle se réserve tous droits par rapport aux contestations portant sur (i) le taux de participation de Nouvel LLC et (ii) la prétendue vente de Nouvel LLC à un nouvel investisseur, elle est d'accord de trouver une solution provisoire pour la situation de Quimicum qui doit être régularisée.*

*A ce titre, Mondo Bongo propose de nommer M. Warren Grant, né le 15 mai 1954 à New York, Etats-Unis d'Amérique et demeurant professionnellement à 9100 Wilshire Boulevard, STE 1000W, Beverly Hills, CA 90212 Californie, Etats-Unis d'Amérique, en tant que gérant unique. M. Grant qui est directeur de la filiale de Quimicum, Château Miraval SA, connaît parfaitement la société, ses enjeux et ses affaires. Il n'y aura donc pas de divulgation additionnelle d'informations confidentielles. Il est ainsi le candidat idéal afin de régulariser la situation de Quimicum dans l'attente d'une décision de justice sur les deux contestations susmentionnées. »*



**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL**, pose la question suivante, par l'intermédiaire de Maître Max MAILLET : « *Est-ce que les représentants de MONDO BONGO sont convaincus qu'il est juste (fair) de dénier à NOUVEL le droit d'avoir un représentant au niveau de la gestion de la SARL QUIMICUM, étant donné que les associés sont 50-50 et que MONDO BONGO a donné procuration pour voter contre les gérants proposés par NOUVEL ?* »

**Maître Véronique HOFFELD, pour le compte de MONDO BONGO**, répond que MONDO BONGO se réfère aux contestations précédemment faites et notamment concernant la prétendue détention de 50% des parts de NOUVEL. MONDO BONGO déclare voter contre les 2 candidats proposés par NOUVEL et Maître Véronique HOFFELD lit la déclaration ci-dessous

*Mondo Bongo vote **contre** la désignation de Mme Sabina Fatkullina et de M. Chris Caldwell comme gérants de Quimicum avec la déclaration suivante :*

*« Mondo Bongo déclare voter contre, car le comportement du prétendu nouvel associé de Nouvel LLC dans la période précédant la présente assemblée générale, pendant laquelle le prétendu nouvel associé a tenté d'obtenir de façon illicite des informations de Château Miraval SA, alors qu'il n'a pas le moindre droit de les obtenir et a essayé de mettre de la pression sur la famille Perrin afin d'obtenir des informations sur l'exploitation des vignobles de Château Miraval SA, montre que le prétendu nouvel associé agit uniquement dans son intérêt propre. Il n'est donc pas dans l'intérêt de Quimicum que des salariés du groupe du prétendu nouvel associé de Nouvel LLC siègent au conseil de gérance de Quimicum.*

*De même, il a été proposé par Nouvel de transférer tous les droits de propriété intellectuelle de Château Miraval SA à Chypre, ce qui ne sert d'évidence aucun intérêt de Quimicum, mais ce qui est dans l'unique intérêt du prétendu nouvel associé de Nouvel, qui a visiblement des liens d'affaires avec Chypre. Les conséquences fiscales de cette transaction sont également inconnues, ce qui démontre que le prétendu nouvel associé de Nouvel ne prend pas en compte l'intérêt social de Quimicum.*

*Quant à la suggestion de transférer les actifs de Château Miraval à Quimicum, Mondo Bongo note que la seule intention du prétendu nouvel associé de Nouvel LLC est de s'approprier ces actifs, tandis que dans la société française Château Miraval SA, le prétendu nouvel associé de*

3




# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

*Nouvel n'a pas de droit d'information ni autre droit, car Quimicum est l'actionnaire de Château Miraval. Il pourrait être tenté d'obtenir davantage d'informations et de contrôle si les actifs étaient transférés.*

*De surcroît, il est vraisemblable que les candidats proposés par Nouvel LLC auront régulièrement des conflits d'intérêts qui ne leur permettraient pas de s'exprimer lors des conseils de gérance.*

*S'ajoute à cela que le fait que Nouvel LLC a proposé de nommer 5 gérants, dont 2 seraient des salariés du groupe de son prétendu nouvel associé, démontre que Nouvel LLC tente d'assujettir Quimicum complètement aux intérêts du prétendu nouvel associé de Nouvel LLC. En effet, selon les statuts de Quimicum deux gérants peuvent en toute circonstance valablement engager la société. Mondo Bongo a dès lors la crainte légitime que si deux gérants contrôlés par le prétendu nouvel associé de Nouvel LLC étaient nommés, ceux-ci agiraient immédiatement et uniquement dans l'intérêt de ce dernier.*

*Finalement, les employés du prétendu nouvel associé de Nouvel risquent d'apprendre des secrets d'affaires de Quimicum, ce qui serait contraire à l'intérêt de Quimicum. Ils sont des employés d'une société active également dans le domaine de la production et de la vente de boissons alcoolisées. Vu les tentatives susmentionnées d'obtenir des informations confidentielles sur les affaires de Château Miraval SA, afin d'améliorer la position du prétendu nouvel associé dans d'éventuelles négociations commerciales, notamment avec la famille Perrin, il n'est pas opportun de nommer deux salariés de Stoli comme gérants. Cette nomination serait contraire à l'intérêt social de Quimicum et de sa filiale Château Miraval SA.*

*Pour toutes ces raisons Mondo Bongo propose de nommer une personne neutre, en la personne de Warren Grant, en tant que gérant unique de Quimicum. M. Grant connaît d'ores et déjà les affaires de Quimicum et de sa filiale, il n'y a donc pas de divulgation additionnelle d'informations confidentielles et M. Grant est pour la même raison la personne idéale pour diriger Quimicum et régulariser sa situation tant que durent les procédures sur les contestations de Mondo Bongo. »*

*Mondo Bongo vote **pour** la désignation de M. Warren Grant en tant que gérant de Quimicum :*

*« Mondo Bongo déclare voter pour, car M. Grant connaît d'ores et déjà les affaires de Quimicum et de sa filiale, il n'y aura donc pas de divulgation additionnelle d'informations confidentielles. M. Grant est pour la même raison la personne idéale pour diriger Quimicum et régulariser sa situation tant que durent les procédures sur les contestations de Mondo Bongo. »*

**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL**, répond, traduit par Maître Max MAILLIET, que NOUVEL est étonnée par les arguments de MONDO BONGO qui sont dépourvus de toute logique et non professionnels du point de vue des affaires, cela démontre que les gens représentant MONDO BONGO à cette réunion ne savent pas comment diriger une entreprise dans le domaine des vins et spiritueux (*spirits and wine business*) et semblent avoir peu de compréhension des aspects de restructuration de groupe et de planification fiscale dans l'intérêt de tous les associés.

Cette approche démontre que MONDO BONGO n'est pas disposé à partager information quelconque avec NOUVEL, qui est un associé à 50% et démontre que sa politique est de s'arroger

4




# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim  L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

le pouvoir dans la SARL QUIMICUM et la SA Château MIRAVAL, ce à quoi NOUVEL serait fortement opposée.

**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL,** poursuit en déclarant que NOUVEL s'oppose fortement à cette approche et se réserve expressément le droit de répondre ultérieurement par un courrier à MONDO BONGO et à la SARL QUIMICUM, aux allégations et affirmations illogiques et bizarres de MONDO BONGO.

NOUVEL est surprise de l'allégation que Mr GRANT serait un candidat indépendant et impartial.

[Une suspension de 5 minutes de l'assemblée est convenue d'un commun accord.]

**Maître Max MAILLIET, pour le compte de NOUVEL,** constate qu'au vu de l'approche obstructionniste de MONDO BONGO, il apparait que MONDO BONGO essaye de se peindre l'image d'un prétendu blocage de la société pour s'aménager des preuves pour des actions judiciaires que NOUVEL défendra avec vigueur.



NOUVEL regrette que les propositions constructives aient été balayées du revers de la main.

**Maître Véronique HOFFELD, pour le compte de MONDO BONGO,** déclare que MONDO BONGO n'a nullement une position obstructionniste car elle a proposé un candidat pour gérer la société qui a été refusé par NOUVEL sans justification. NOUVEL aproposé 2 personnes du STOLI GROUP qui ne sont pas acceptables pour MONDO BONGO pour gérer la société. MONDO BONGO se réfère à ses déclarations à ce sujet.

**Maître Max MAILLIET, pour le compte de NOUVEL,** déclare que NOUVEL n'a pas reçu de réponse à sa question de savoir combien de temps M. GRANT passe en France, alors qu'il réside clairement en Californie (USA). De plus, il est en situation potentielle de conflit d'intérêt ce qui résulte déjà du fait qu'il ait signé la procuration de MONDO BONGO pour la présente assemblée générale, et NOUVEL rappelle a MONDO BONGO qu'elle l'a invitée à proposer à la nomination 2 de ses représentants au conseil de gérance.

NOUVEL regrette que MONDO BONGO n'ait pas pris en considération ses candidats alors que Mr CALDVELL est le CFO de STOLI GROUP et a une grande expérience dans le commerce international de vins, ce qui pourrait être bénéfique à la SARL QUIMICUM et à la SA Château MIRAVAL.

Finalement, **Monsieur Alexey OLIYNIK, pour le compte de NOUVEL,** demande à MONDO BONGO si elle a analysé les potentielles conséquences fiscales pour la SARL QUIMICUM, si un résident de Californie (USA) est gérant unique d'une société Luxembourgeoise.

**Maître Véronique HOFFELD, pour le compte de MONDO BONGO,** répond que Mr GRANT gère déjà, avec succès la filiale de la SARL QUIMICUM et connait donc les affaires du groupe. Les candidats proposés par NOUVEL ont été rejetés à juste titre et MONDO BONGO se réfère à ce sujet, à ses déclarations antérieurement faites, notamment mais pas seulement, en raison de leur conflit d'intérêt.

5




# ETUDE GUY ENGEL
## Huissier de Justice

2, rue Guido Oppenheim  L-2263 Luxembourg ~ B.P. 2781 (L-1027 Luxembourg)
Téléphone (Bureau) 44 93 28 ~ Fax 45 73 88 ~ email : etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

Maître HOFFELD, pour le compte de MONDO BONGO, donne à considérer que la plupart des sociétés *holding* à Luxembourg sont gérées par des personnes non résidentes sur le territoire luxembourgeois. Concernant la nomination de deux gérants par chaque partie, il faudrait changer les statuts afin que les gérants proposés par chaque associé ne puissent pas engager seuls la société.

Sur la demande de Maître HOFFELD de voir la procuration de Monsieur OLIYNIK, ce dernier répond qu'il n'a pas besoin d'une procuration de Nouvel, parce qu'il est gérant de cette dernière.

[Une suspension de 5 minutes de l'assemblée est convenue d'un commun accord.]

**Maître Max MAILLIET, pour le compte de NOUVEL**, dit que l'assemblée générale a été mal préparée et propose de la suspendre afin de permettre aux parties d'avoir des discussions constructives, en personne, et à Luxembourg de préférence, en présence de M. GRANT, dans le but de trouver une solution et de reconduire l'assemblée dans 10 jours.

[Une suspension de 5 minutes de l'assemblée est convenue d'un commun accord.]

**Maître Véronique HOFFELD, pour le compte de MONDO BONGO**, déclare que MONDO BONGO accepte la suspension de l'assemblée générale, a reconvenir pour le 22/11/2021 au plus tard, au siège social de la SARL QUIMICUM, à 9h00.

**Monsieur Alexey OLIYNIK, pour le compte de NOUVEL**, déclare que NOUVEL s'attend à ce que les parties fassent les meilleurs efforts pour se rencontrer avant.

L'assemblée générale est clôturée à 12h35.

Ma mission étant terminée, j'ai clos le présent procès-verbal et je l'ai signé.

Dont acte, sous toutes réserves.

| COUT | |
|---|---:|
| VAC. | 580,00 |
| VOY | 20,16 |
| COP | 18,00 |
| H.T. | 618,16 |
| TVA | 105,09 |
| TOTAL | 723,25 |
| ENR | 12,00 |
| TIM | 6,00 |
| P&T | 4,00 |
| TTC | 745,25 |



Enregistré à Luxembourg Actes Civils 1, le 12 novembre 2021
Relation : 1LAC/2021/34915
Reçu douze euros
12,00 €

Le Receveur,

Carino THILL

6

1349



# GUY ENGEL FIRM
## Court Bailiff

2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)
Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL



[stamp:] Stéphane BONIFASSI, Attorney – A619, Exhibit 10

## OFFICIAL STATEMENT MINUTES

In the year two thousand twenty-one, on November eleventh,

At the request of the company **MONDO BONGO LLC,** (limited liability company), governed by the laws of the State of California, with its corporate headquarters located 9100 Wilshire Boulevard, DTE 100W, Beverly Hills, CA 90212, California, United States of America, registered with the California Registry of Companies under number 200810810154,

Electing domicile at the firm **LOYENS & LOEFF LUXEMBOURG SARL,** Attorneys at Law, established and having their corporate headquarters located at L-2540 Luxembourg, 18-20 Rue Edward Steichen, registered at the Trade and Companies Register of Luxembourg under number B174248, represented by Atty. Véronique HOFFELD, Attorney at Law, who shall be dealing with this matter and subsequent related issues,

I the undersigned, **Guy ENGEL,** Court Bailiff, residing at L-2263 Luxembourg, 2, Rue Guido Oppenheim, registered with the District Court of and in Luxembourg,

Proceeded with the statement that took place on Friday, October 29, 2021, starting at 11:00 a.m.

## FACTS

[stamps]

The representative of the requesting party asked me to attend a general meeting of SARL QUIMICUM, established and having its corporate headquarters at L-5365 Munsbach, 6 C, Rue Gabriel Lippmann, registered in the Trade and Companies Register of Luxembourg under number B41114.

Present at this general meeting, dated October 29, 2021, were:

- Atty. Véronique HOFFELD, Attorney at Law, professionally residing at the Loyens & Loeff firm, representing the company MONDO BONGO LLC,
- Atty. Patrick RIES, Attorney at Law, residing professionally at the Loyens & Loeff firm, representing the company MONDO BONGO LLC,
- Atty. Max MAILLIET, Attorney at Law, residing professionally at the firm E2M S.A.R.L., representing the company NOUVEL LLC,
- Atty. Claire RIOU-LE JEUNE, Attorney at Law, residing professionally at the firm E2M S.A.R.L., representing the company NOUVEL LLC,
- Mr. Alexey OLIYNIK, Manager of the company NOUVEL LLC,
- Mr. Todd CULYBA, legal counsel of the company NOUVEL LLC,
- Mr. Eric LIE of the company OCORIAN, via conference call.

1

 

# GUY ENGEL FIRM
## Court Bailiff

**2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)
Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL**

---

At 11:05 a.m., the general meeting was declared open.

Having been designated by mutual agreement as:

- Session chairman, Atty. Véronique HOFFELD,
- Session teller, Atty. Max MAILLIET,
- Session secretary, Atty. Guy ENGEL,

I have taken note of the following statements.

**Atty. Véronique HOFFELD on behalf of MONDO BONGO** reads the following statement:

*Mondo Bongo declares:*

*"Firstly, Mondo Bongo contests that Nouvel LLC holds 50% of Quimicum S.A.R.L. shares, in reality, Nouvel LLC should only hold 40% and Mondo Bongo 60% of the shares. A dispute is currently pending on this subject before the Luxembourg courts. Mondo Bongo suggests that, during this meeting, the 10% of Quimicum's shares, corresponding to 100 shares, be considered as having to abstain from each vote."*

*Mondo Bongo further contests that Nouvel LLC could have validly been assigned to Tenute Del Mondo BV or any other company related to the latter, because Mondo Bongo has not received the slightest evidence demonstrating such a transfer and because this transfer was made in violation of Mondo Bongo's right of authorization in a fraudulent, if not abusive, manner."*

**Atty. Max MAILLIET, on behalf of the company NOUVEL LLC** (hereafter referred to as "NOUVEL"), disputes the reserves of MONDO BONGO LLC (hereafter referred to as "MONDO BONGO"), which considers itself validly the owner of 50% of the SARL QUIMICUM shares and disputes that its acquisition of NOUVEL is fraudulent and abusive. It considers the comments made by MONDO BONGO as libelous and defamatory and reserves all its rights.

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** confirms that it expected a business meeting in due form. IT regrets and opposes the aggressive, arrogant, and defamatory approach adopted by MONDO BONGO and shall consult its lawyers with a view to possible legal actions to be taken against MONDO BONGO and/or its lawyers.

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** regrets that there are no "Business People" in the meeting, to have serious discussions because the scope of the power of attorney held by Loyens & Loeff would be severely limited.

**Atty. Véronique HOFFELD, on behalf of MONDO BONGO,** provides her answers. MONDO BONGO's position is neither aggressive nor defamatory and Atty. HOFFELD reads the statement below:

*Mondo Bongo declares:*

2




# GUY ENGEL FIRM
## Court Bailiff

**2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)**
**Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu**
**BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL**

---

*"Mondo Bongo declares that, although it reserves all rights with respect to the disputes relating to (i) the participation rate of Nouvel LLC and (ii) the alleged sale of Nouvel LLC to a new investor, it agrees to find a temporary solution for the situation of Quimicum which must be regularized.*

*To this end, Mondo Bongo proposes appointing Mr. Warren Grant, born May 15, 1954 in New York, United States of America and living professionally at 9100 Wilshire Boulevard, STE 1000W, Beverly Hills, CA 90212 California, United States of America, as sole manager. Mr. Grant, who is director of the Quimicum subsidiary, Château Miraval SA, knows the company, its challenges, and its affairs perfectly well. There shall therefore be no additional disclosure of confidential information. He is thus the ideal candidate to regularize the situation of Quimicum pending a court decision on the two aforementioned disputes."*

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** poses the following question, through Atty. Max MAILLET: *"Are the representatives of MONDO BONGO convinced that it is fair to deny NOUVEL the right to have a representative at the management level of SARL QUIMICUM, given that the partners are 50-50 and that MONDO BONGO has given a proxy to vote against the managers proposed by NOUVEL?"*

[stamps]

**Atty. Véronique HOFFELD, on behalf of MONDO BONGO,** replies that MONDO BONGO refers to the disputes previously made and in particular concerning the alleged holding of 50% of the NOUVEL shares. MONDO BONGO declares that it will vote against the 2 candidates proposed by NOUVEL and Atty. Véronique HOFFELD reads the declaration below.

*Mondo Bongo votes **against** the appointment of Ms. Sabina Fatkullina and Mr. Chris Caldwell as Quimicum managers with the following statement:*

*"Mondo Bongo declares that it will vote against, because of the alleged new partner of Nouvel LLC in the period preceding this general meeting, during which the alleged new partner attempted to illegally obtain information from Château Miraval SA, while he has not the slightest right to obtain it and tried to put pressure on the Perrin family in order to obtain information on the operation of the vineyards of Château Miraval SA, which shows that the alleged new partner acts only in his self-interest. It is therefore not in Quimicum's interest for employees of the group of the alleged new partner of Nouvel LLC to sit on Quimicum's management board.*

*Likewise, it was proposed by Nouvel to transfer all of the intellectual property rights of Château Miraval SA to Cyprus, which obviously does not serve any of Quimicum's interests, but which is in the sole interest of the alleged new partner of Nouvel, who obviously has business ties with Cyprus. The tax consequences of this transaction are also unknown, which shows that Nouvel's alleged new partner does not take Quimicum's corporate interest into account.*

*As for the suggestion of transferring the Château Miraval assets to Quimicum, Mondo Bongo notes that the only intention of the alleged new partner of Nouvel LLC is to appropriate these assets, while in the French company Château Mirval SA, the alleged new partner Nouvel has no right to*

3

**GUY ENGEL FIRM**
**Court Bailiff**

2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)
Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

*information or any other right, as Quimicum is the shareholder of Château Miraval. It might be tempting to gain more information and control if the assets were transferred.*

*In addition, it is likely that the candidates proposed by Nouvel LLC will regularly have conflicts of interest that would not allow them to express themselves during management meetings.*

*Added to this is the fact that Nouvel LLC has proposed appointing 5 managers, 2 of which would be employees of the group of its alleged new partner, demonstrating that Nouvel LLC is attempting to subjugate Quimicum completely to the interests of the alleged new partner of Nouvel LLC. Indeed, according to the Quimicum statutes, two managers can, in all circumstances, validly commit the company. Mondo Bongo therefore has the legitimate fear that if two managers controlled by the alleged new partner of Nouvel LLC were appointed, they would act immediately and only in the latter's interest.*

*Ultimately, the employees of Nouvel's alleged new associate risk learning Quimicum's business secrets, which would be against Quimicum's interests. They are employees of a company also active in the production and sale of alcoholic beverages. In view of the aforementioned attempts to obtain confidential information on the affairs of Château Miraval SA, in order to improve the position of the alleged new partner in possible commercial negotiations, in particular with the Perrin family, it is not appropriate to appoint two Stoli employees as managers. This appointment would be contrary to the corporate interests of Quimicum and its subsidiary Château Miraval SA.*

*For all of these reasons Mondo Bongo proposes appointing a neutral person, in the person of Warren Grant, as sole manager of Quimicum. Mr. Grant already knows the affairs of Quimicum and its subsidiary, so there is no additional disclosure of confidential information and Mr. Grant is for the same reason the ideal person to run Quimicum and regulate its business situation as long as the proceedings on the Mondo Bongo disputes last."*

*Mondo Bongo votes* ***for*** *the appointment of Mr. Warrant Grant as manager of Quimicum.*

*"Mondo Bongo declares voting for, as Mr. Grant already knows the affairs of Quimicum and its subsidiary, there will therefore be no further disclosure of confidential information. Mr. Grant is for the same reason the ideal person to lead Quimicum and to regulate its situation while the proceedings with the Mondo Bongo disputes are ongoing."*

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** replies, translated by Atty. Max MAILLIET, that NOUVEL is surprised by MONDO BONGO's arguments which are devoid of any logic and unprofessional from a business point of view, this shows that the people representing MONDO BONGO at this meeting do not know how to run a business in the spirits and wine domain and seem to have little understanding of the aspects of group restructuring and tax planning for the benefit of all associates.




# GUY ENGEL FIRM
## Court Bailiff

**2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)**
Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

This approach shows that MONDO BONGO is not prepared to share any information with NOUVEL, which is a 50% partner and demonstrates that its policy is to assume power in SARL QUIMICUM and SA Château MIRAVAL, to which effect NOUVEL would be strongly opposed.

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** goes on to state that NOUVEL strongly opposes this approach and expressly reserves the right to respond subsequently by letter to MONDO BONGO and SARL QUIMICUM, to illogical and bizarre allegations and statements by MONDO BONGO.

NOUVEL is surprised at the allegation that Mr. GRANT is an independent and impartial candidate.

[A 5-minute suspension from the meeting is mutually agreed upon.]

**Atty. Max MAILLIET, on behalf of NOUVEL,** notes that in view of the obstructionist approach of MONDO BONGO, it appears that MONDO BONGO is trying to paint the image of an alleged company blockage to develop evidence for legal actions that NOUVEL shall vigorously defend.

NOUVEL regrets that the constructive proposals have been brushed aside.

**Atty. Véronique HOFFELD, on behalf of MONDO BONGO,** declares that MONDO BONGO has no obstructionist position because it proposed a candidate to manage the company which was refused by NOUVEL without justification. NOUVEL proposed 2 people from STOLI GROUP whom MONDO BONGO does not believe are not acceptable to manage the company. MONDO BONGO refers to its statements on this subject.

**Atty. Max MAILLIET, on behalf of NOUVEL,** declares that NOUVEL has not received an answer to his question as to how long Mr. GRANT spends in France, although he clearly resides in California (USA). In addition, he is in a potential conflict of interest situation, which already results from the fact that he has signed MONDO BONGO's proxy for this general meeting, and NOUVEL reminds MONDO BONGO that it has invited it to propose the appoint of 2 of its representatives to the management board.

NOUVEL regrets that MONDO BONGO has not taken its candidates into consideration while Mr. CALDVELL is the CFO of STOLI GROUP and has extensive experience in the international wine trade, which could be beneficial to SARL QUIMICUM and SA Château MIRAVAL.

Finally, **Mr. Alexey OLIYNIK, on behalf of NOUVEL,** asks MONDO BONGO if it has analyzed the potential tax consequences for SARL QUIMICUM, if a resident of California (USA) is the sole manager of a Luxembourg company.

**Atty. Véronique HOFFELD, on behalf of MONDO BONGO,** replies that Mr. GRANT already successfully manages the subsidiary of SARL QUIMICUM and therefore knows the group's business. The candidates proposed by NOUVEL were rightly rejected and MONDO BONGO refers to this subject, to its previously made declarations, in particular, but not only, because of their conflict of interest.

5




# GUY ENGEL FIRM
## Court Bailiff

**2, Rue Guido Oppenheim L-2263 Luxembourg ~ P.O. Box 2781 (L-1027 Luxembourg)**
Telephone (Office) 44 93 28 ~ Fax 45 73 88 ~ email: etengel@pt.lu
BCEE LU13 0019 5603 6699 6000 CODE BIC BCEELULL

---

Atty. HOFFELD, on behalf of MONDO BONGO, suggests that most holding companies in Luxembourg are managed by people who are not residents of Luxembourg. Regarding the appointment of two managers by each party, the statutes should be changed so that the managers proposed by each partner cannot commit the company alone.

On the request of Atty. HOFFELD to see the Mr. OLIYNIK's proxy, the latter replies that he does not need a Nouvel proxy, because he is the manager of the latter.

[A 5-minute suspension from the meeting is mutually agreed upon.]

**Atty. Max MAILLIET, on behalf of NOUVEL,** states that the general meeting was poorly prepared and proposes suspending it in order to allow the parties to have constructive discussions, in person, and preferably in Luxembourg, in the presence of Mr. GRANT, in order to find a solution and to reconvene the meeting in 10 days.

[A 5-minute suspension from the meeting is mutually agreed upon.]

**Atty. Véronique HOFFELD, on behalf of MONDO BONGO,** declares that MONDO BONGO accepts the suspension of the general meeting, to reconvene for 11/22/2021 at the latest, at the headquarters of SARL QUIMICUM, at 9:00 a.m.

**Mr. Alexey OLIYNIK, on behalf of NOUVEL,** declares that NOUVEL expects the parties to make the best efforts to meet beforehand.

The general meeting is closed at 12:35 p.m.

My task being completed, I closed these minutes and signed them.

In witness whereof, without prejudice.

| COST | |
|---|---|
| VAC. | 580,00 |
| VOY | 20,16 |
| COP | 18,00 |
| H.T. | 618,16 |
| TVA | 105,09 |
| TOTAL | 723,25 |
| ENR | 12,00 |
| TIM | 6,00 |
| P&T | 4,00 |
| TTC | 745,25 |

[signature]

**Registered at the Luxembourg Civil Certificates Office 1, November 12, 2021**
Relation: 1LAC/2021/34915   Received twelve euros
€12.00

**The Receiver** [signature]
[stamp:] **Carino THILL**

6

**EXHIBIT F-4**
**PAGE 64**

EXHIBIT F-4
PAGE 65

| | |
|---|---|
| UNITED STATES | ) |
| | ) ss: |
| CINCINNATI, OHIO | ) |

Carmen Phillips, being duly sworn, deposes and declares:

That she is self-employed as Translator at 735 Delta Avenue, Cincinnati, Ohio, 45226, United States;

That she is fully conversant in the French and English languages;

That she translated or reviewed the translation of the attached document:

STATEMENT MINUTES BY GUY ENGEL, COURT BAILIFF

from French into English;

and that the English translation is, to her best knowledge and belief, a true and correct rendering of the original text in the French language.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 4, 2022.

*Carmen Phillips*

Carmen Phillips
Translation Studies MA