# Exhibit F-6



Pièce 12

To:  Château Miraval (the "**Company**")
attn. CEO & Board of Directors
Domaine de Miraval
83570 Correns, France
R.C.S. Draguignan: 388 436 53

*by registered letter*

Luxembourg, 22 September 2020

Our ref.     : 030282-70000/30590505

Dear Sirs,

We are acting for **Nouvel LLC**, a limited liability company, having its registered office at 1990 S. Bundy Drive, CA 900025 Los Angeles, United States of America, registered under the laws of the state of California, USA, an indirect shareholder of the Company.

We would hereby like to remind you of your duty of care and diligence as directors and/or CEO of the Company.

To our client's greatest concern, we have the distinct impression that, although the shareholder of the Company, Quimicum S.à r.l., is a 50/50 joint venture between Nouvel LLC and Mondo Bongo LLC, corporate decisions generally at the level of the Company and its subsidiaries are taken based solely on the instructions of a single indirect shareholder. In particular, it seems that, without limitation, the board of the Company is making no analysis and taking no action to determine if the continued investment of substantial borrowed funds to renovate Chateau Miraval is in the best financial interest of the Company and its indirect shareholders among which Nouvel, LLC. There is a lack of communication to and consideration of the position of the 50% shareholder of Quimicum S.à r.l. Nouvel, LLC, with respect to continued heavy investment to renovate Chateau Miraval.

We underline that managing the Company in favour of or at the instructions of Mondo Bongo LLC only would be a violation of your duty of care and diligence and could lead to damage claims for wrongful performance of your mandate, which has been entrusted to you by Quimicum S.à r.l.. You are supposed to exercise such mandate taking into account the interests of both ultimate shareholders.

Arendt & Medernach SA
Registered with the Luxembourg Bar
RCS Luxembourg B 186371

41A avenue JF Kennedy
L-2082 Luxembourg
T +352 40 78 78 1



We further remind you that it is your duty at all times to act in the best interest of the Company and to ascertain that both shareholders of Quimicum S.à r.l. are treated equally.

We must insist that neither Mr Brad Pitt nor Mondo Bongo LLC nor Me Le Mentec nor any other of their representatives have a mandate to represent or give any instructions whatsoever on behalf of Quimicum S.à r.l. You are not entitled to take any decisions based solely on these instructions.

We also regret your apparent absence of interaction with management of Quimicum S.à r.l. As you have indicated your willingness to cooperate with such management, we do urge you to do so in the appropriate manner.

If you do actually fall short of your duty of care and diligence as stated above, our client will take all the necessary steps to secure its rights, including the initiation of appropriate legal proceedings.

This letter is sent without any prejudicial acknowledgements and under the express reservation of any and all rights.


Yours truly,

_____
Arendt & Medernach S.A.
By: Laurent Schummer
Title: Partner

*Traduction libre*

> A :      Château Miraval (la **"Société"**)
>
> à l'attention de. CEO & Conseil d'administration
> Domaine de Miraval
> 83570 Correns, France
> R.C.S. Draguignan : 388 436 53
>
> ***par lettre recommandée*** Luxembourg, le 22
> septembre 2020
>
> Notre réf.       : 030282-70000/30590505

Messieurs,

Nous agissons pour **Nouvel LLC,** une société à responsabilité limitée, dont le siège social est situé à 1990 S. Bundy Drive, CA 900025 Los Angeles, Etats-Unis d'Amérique, enregistrée sous les lois de l'Etat de Californie, USA, actionnaire indirect de la Société.

Nous souhaitons par la présente vous rappeler votre devoir de prudence et de diligence en tant qu'administrateurs et/ou PDG de la société.

Au plus grand souci de notre client, nous avons la nette impression que, bien que l'actionnaire de la Société, Quimicum SARL, soit une joint-venture à 50/50 entre Nouvel LLC et Mondo Bongo LLC, les décisions d'entreprise en général au niveau de la Société et de ses filiales sont prises sur la seule base des instructions d'un seul actionnaire indirect. En particulier, il semble que, sans limitation, le conseil d'administration de la Société ne fait aucune analyse et ne prend aucune mesure pour déterminer si l'investissement continu de fonds empruntés substantiels pour rénover Château Miraval est dans le meilleur intérêt financier de la Société et de ses actionnaires indirects, parmi lesquels Nouvel, LLC. Il y a un manque de communication et de prise en compte de la position de l'actionnaire à 50% de Quimicum SARL. Nouvel, LLC, en ce qui concerne la poursuite des investissements lourds pour la rénovation de Château Miraval.

Nous soulignons que la gestion de la Société en faveur ou sur les instructions de Mondo Bongo LLC seulement serait une violation de votre devoir de diligence et pourrait conduire à des demandes de dommages et intérêts pour exécution fautive de votre mandat, qui vous a été confié par Quimicum SARL. Vous êtes censé exercer ce mandat en tenant compte des intérêts des deux actionnaires finaux.

Nous vous rappelons également qu'il est de votre devoir d'agir à tout moment dans le meilleur intérêt de la société et de veiller à ce que les actionnaires de Quimicum SARL soient traités sur un pied d'égalité.

Nous devons insister sur le fait que ni M. Brad Pitt, ni Monda Bongo LLC, ni Me Le Mentec, ni aucun autre de leurs représentants n'ont le mandat de représenter ou de donner quelque instruction que ce soit au nom de Quimicum SARL. Vous n'avez pas le droit de prendre des décisions basées uniquement sur ces instructions.

Nous regrettons également votre absence apparente d'interaction avec la direction de Quimicum SARL. Comme vous avez indiqué votre volonté de coopérer avec cette direction, nous vous invitons à le faire de la manière appropriée.

Si vous manquez effectivement à votre devoir de prudence et de diligence comme indiqué ci-dessus, notre client prendra toutes les mesures nécessaires pour faire valoir ses droits, y compris l'engagement de procédures judiciaires appropriées.

Cette lettre est envoyée sans aucun accusé de réception préjudiciable et sous la réserve expresse de tous les droits.

**EXHIBIT F-6**
**PAGE 73**

Arendt & Medernach S.A. Par : Laurent Schummer Titre : Associé



To:   Quimicum S.à r.l. (the "**Company**")
attn. sole manager
6C, rue Gabriel Lippmann
L-5365 Munsbach
R.C.S. Luxembourg: B 41114

*by registered letter*

Luxembourg, 22 September 2020

Our ref.     : 030282-70000/30581995

Dear Sir,

We are acting for **Nouvel LLC**, a limited liability company, having its registered office at 1990 S. Bundy Drive, CA 900025 Los Angeles, United States of America, registered under the laws of the state of California, USA, a 50% shareholder of the Company.

We would hereby like to remind you of your duty of care and diligence as manager of the Company, given that your replacement was not accepted at the Company's shareholder meeting of 8 September 2020.

To our client's greatest concern, we have the distinct impression that, although Quimicum is a 50/50 joint venture between Nouvel LLC and Mondo Bongo LLC, corporate decisions generally are taken based solely on the instructions of a single shareholder, Mondo Bongo LLC. In particular, it seems that, without limitation, the manager of the Company is making no analysis and taking no action to determine if the continued investment of substantial borrowed funds to renovate Chateau Miraval is in the best financial interest of the Company and its shareholders, among which Nouvel, LLC. There is a lack of communication to and consideration of the position of the 50% shareholder of the Company, Nouvel, LLC, with respect to continued heavy investment to renovate Chateau Miraval.

We underline that managing the Company in favour of a single shareholder only would be a violation of the manager's duty of care and diligence and could lead to damage claims for wrongful performance of the manager's mandate, which has been entrusted by both shareholders.  Such mandate is supposed to be exercised taking into account the interests of both shareholders.

Arendt & Medernach SA
Registered with the Luxembourg Bar
RCS Luxembourg B 186371

arendt.com

41A avenue JF Kennedy
L-2082 Luxembourg
T +352 40 78 78 1



We further remind you that it is your duty at all times to act in the best interest of the Company and to ascertain that both shareholders of Quimicum are treated equally.

Furthermore, our client grows increasingly concerned on how and whether at all you supervise the budget and performance/operations of Château Miraval S.A. and in particular on what basis you may give consent for certain actions in this subsidiary, and whether you have an appropriate level of information.

We hereby wish to receive appropriate comfort in this respect. Nouvel LLC hereby exercises its rights as shareholder to ask questions to management pursuant to article 1400-3 of the law of 10 August 1915 on commercial companies as amended. These questions are set out in Annex 1 hereto.

We would require these questions to be addressed by no later than 23 October 2020.

These questions are without prejudice to and in addition to the requests to management made at the shareholder meeting held on 8 September 2020.

In the event that our client does not obtain the appropriate answers and/or the necessary comfort, we have been instructed to take all the necessary steps to secure our client's rights.

This letter is sent without any prejudicial acknowledgements and under the express reservation of any and all rights.

Yours truly,

Arendt & Medernach S.A.
By: Laurent Schummer
Title: Partner



## Annex 1

**Questions to management on the basis of art. 1400-3 of the law of 10 August 1915 on commercial companies as amended**

1.    Annual accounts

Where do we stand with respect to the approval of the 2019 accounts? Please provide a detailed explanation as to what will be the timing for preparing and approving the 2019 accounts.

Please also provide a detailed statement of events having occurred post 1st January 2020 having an expected impact on the annual accounts and performance of Quimicum S.à r.l. and its subsidiaries.

Please comment specifically about any impact that the COVID-19 crisis may have had on the affairs of the company and what initiatives have been taken by the board of managers of Quimicum S.à r.l. in this respect.

2.    Supervision of Château Miraval and the winery

Please provide a detailed explanation as to how the board of managers of Quimicum S.à r.l. exercises its shareholder rights and supervisory duties with respect to Château Miraval and its subsidiaries and in particular with respect to expenses incurred for renovations to the Chateau real estate.

Please explain in particular how a supervision of compliance and/or approval of a budget and business plan with respect to Château Miraval and its subsidiaries is being effected.

Please explain the protocol for communications regarding material expenditures between you and the management of Château Miraval and what decisions exactly have been coordinated by you as manager of Quimicum S.à r.l.

Please provide a detailed account of how you have controlled in particular any expenditure at the level of Château Miraval and its subsidiaries and what actions have been taken by you to review, modify, approve and reject to this effect since 2017.

3.    Financing of Quimicum S.à r.l.

Quimicum S.à r.l. is a profitable company.

Please explain why Quimicum S.à r.l. has not proceeded with any dividend distributions or any distributions to its shareholders.

What is your protocol and consideration for deciding to approve a material expenditure in preference to a shareholder distribution?

Quimicum S.à r.l. is benefiting of a Nouvel LLC loan which is callable upon short notice. What precautions have been taken by management to avoid that this loan be called? What



would happen if this loan is called? What are the refinancing actions that the board of directors considers in this respect?  What is your protocol and consideration for deciding to approve a material expenditure in preference to a loan repayment? Please explain why the company has not proceeded with loan repayments to its shareholders.

**4.**     Valuation

Please confirm what are your views on the valuation of the Château and its subsidiaries and underlying assets. Have you as management carried out regular valuations of the assets for purposes of verifying the value for accounting in the Luxembourg accounting books or for any other purposes? Please provide your view on what would be the valuation of Quimicum S.à r.l., were Quimicum S.à r.l. to be sold, valuing both collectively and separately the values of the 100% interest in the Chateau real estate and 50% interest in Miraval Provence.

**5.**     Litigation

There seem to be different cases of litigation at the level of Château Miraval. There seem to be various tax litigations going on as well as litigations on IP rights with respect to the Château.

Can you please provide a detailed account of litigations that go on in respect of these tax respectively IP matters?

What is the likelihood of these litigations being won by the claimants and what is the impact on the possible valuation of the company?

Please confirm that the structure through which the Château is held is still appropriate from a regulatory, tax or other perspective and that this structure does not run a fall of any applicable tax, regulatory or other legislation?

These questions are without prejudice to and in addition to the requests to management made at the shareholders meeting held on 8 September 2020.

*Traduction Libre*

> À :   Quimicum S.à r.l. (la **" Société "**)
> à l'attention du gérant unique
> 6C, rue Gabriel Lippmann
> L-5365 Munsbach
> R.C.S. Luxembourg : B 41114

> ***par lettre recommandée***

> Luxembourg, 22 septembre 2020

> Notre réf.      : 030282-70000/30581995

Cher Monsieur,

Nous agissons pour **Nouvel LLC,** une société à responsabilité limitée, ayant son siège social à 1990S. Bundy Drive, CA 900025 Los Angeles, Etats-Unis d'Amérique, enregistrée sous les lois de l'Etat de Californie, USA, actionnaire à 50% de la Société.

Nous tenons par la présente à vous rappeler votre devoir de prudence et de diligence en tant que gérant de la Société, étant donné que votre remplacement n'a pas été accepté lors de l'assemblée générale de la Société du 8 septembre 2020.

Pour la plus grande inquiétude de notre client, nous avons la nette impression que, bien que Quimicum SARL soit une joint-venture à 50/50 entre Nouvel LLC et Mondo Bongo LLC, les décisions de la société sont généralement prises sur la base des seules instructions d'un seul actionnaire, Mondo Bongo LLC. En particulier, il semble que, sans limitation, le gérant de la société ne fait aucune analyse et ne prend aucune mesure pour déterminer si l'investissement continu de fonds empruntés substantiels pour rénover Château Miraval est dans le meilleur intérêt financier de la société et de ses actionnaires, parmi lesquels Nouvel, LLC. Il y a un manque de communication et de prise en compte de la position de l'actionnaire à 50% de la Société, Nouvel, LLC, en ce qui concerne la poursuite de l'investissement lourd pour rénover le Château Miraval.

Nous soulignons que la gestion de la société en faveur d'un seul actionnaire constituerait une violation du devoir de prudence et de diligence du gestionnaire et pourrait donner lieu à des demandes de dommages et intérêts pour mauvaise exécution du mandat du gestionnaire, qui a été confié par les actionnaires des bains. Ce mandat est censé être exercé en tenant compte des intérêts des deux actionnaires.

Nous vous rappelons également qu'il est de votre devoir d'agir à tout moment dans le

meilleur intérêt de la société et de veiller à ce que les actionnaires de Quimicum soient traités sur un pied d'égalité.

En outre, notre client se préoccupe de plus en plus de savoir si et comment vous supervisez le budget et les performances/opérations de Château Miraval S.A. et en particulier sur quelle base vous pouvez donner votre consentement pour certaines actions dans cette filiale, et si vous disposez d'un niveau d'information approprié.

Nous souhaitons par la présente recevoir un réconfort approprié à cet égard. La SARL Nouvel exerce par la présente ses droits d'actionnaire pour poser des questions à la direction conformément à l'article 1400-3 de la loi du 10 août 1915 sur les sociétés commerciales telle que modifiée. Ces questions figurent à l'annexe 1 des présentes.

Nous souhaitons que ces questions soient traitées au plus tard le 23 octobre 2020.

Ces questions sont sans préjudice et en complément des demandes faites à la direction lors de l'assemblée des actionnaires du 8 septembre 2020.

Dans le cas où notre client n'obtiendrait pas les réponses appropriées et/ou le confort nécessaire, nous avons été chargés de prendre toutes les mesures nécessaires pour garantir les droits de notre client.

Cette lettre est envoyée sans aucun accusé de réception préjudiciable et sous la réserve expresse de tous les droits.

Sincèrement,


Arendt & Medernach S.A.
Par : Laurent Schummer
Titre : Associé

<u>Annexe</u>
<u>1</u>

**<u>Questions à la direction sur base de l'art. 1400-3 de la loi du 10 août 1915 sur les</u>**
**<u>sociétés commerciales telle que modifiée</u>**

   **1.**   Comptes annuels

Où en sommes-nous en ce qui concerne l'approbation des comptes 2019 ? Veuillez expliquer en détail quel sera le calendrier de préparation et d'approbation des comptes 2019.

Veuillez également fournir une déclaration détaillée des événements survenus après le 1er janvier 2020 ayant un impact attendu sur les comptes annuels et la performance de Quimicum S.à r.l. et de ses filiales.

Veuillez commenter spécifiquement tout impact que la crise du COVID-19 a pu avoir sur les affaires de la société et quelles initiatives ont été prises par le conseil d'administration de Quimicum S.à r.l. à cet égard.

   **2.**   Supervision du Château Miraval et du chai.

Veuillez fournir une explication détaillée de la manière dont le conseil d'administration de Quimicum S.à r.l. exerce ses droits d'actionnaire et ses devoirs de surveillance à l'égard du Château Miraval et de ses filiales, et en particulier en ce qui concerne les dépenses engagées pour la rénovation des biens immobiliers du Château.

Veuillez expliquer en particulier comment s'effectue le contrôle de conformité et/ou l'approbation d'un budget et d'un plan d'affaires en ce qui concerne le Château Miraval et ses filiales.

Veuillez expliquer le protocole de communication concernant les dépenses matérielles entre vous et la direction du Château Miraval et quelles décisions exactement ont été coordonnées par vous en tant que gérant de Quimicum SARL.

Veuillez fournir un compte rendu détaillé de la manière dont vous avez contrôlé en particulier toute dépense au niveau de Château Miraval et de ses filiales et quelles actions ont été prises par vous pour examiner, modifier, approuver et rejeter à cet effet depuis 2017.

   **3.**   Financement de Quimicum SARL

Quimicum SARL. est une entreprise rentable.

Veuillez expliquer pourquoi Quimicum SARL. n'a procédé à aucune distribution de dividendes ou à aucune distribution à ses actionnaires.

Quel est votre protocole et vos considérations pour décider d'approuver une dépense importante de préférence à une distribution aux actionnaires ?

Quimicum SARL. bénéficie d'un prêt de la SARL Nouvel qui est remboursable à court terme. Quelles précautions ont été prises par la direction pour éviter que cet emprunt soit remboursé ? Quel est le site

se passerait-il si cet emprunt était appelé ? Quelles sont les actions de refinancement que le conseil d'administration envisage à cet égard ? Quel est votre protocole et vos considérations pour décider d'approuver une dépense importante de préférence à un remboursement de prêt ? Veuillez expliquer pourquoi la société n'a pas procédé à des remboursements de prêts à ses actionnaires.

4. Évaluation

Veuillez confirmer votre point de vue sur l'évaluation du Château, de ses filiales et des actifs sous-jacents. En tant que dirigeant, avez-vous procédé à des évaluations régulières des actifs afin de vérifier la valeur pour la comptabilisation dans les livres comptables luxembourgeois ou pour toute autre raison ? Veuillez donner votre avis sur ce que serait la valorisation de Quimicum SARL, si Quimicum SARL devait être vendue, en évaluant à la fois collectivement et séparément les valeurs de la participation de 100% dans l'immobilier du Château et de la participation de 50% dans Miraval Provence.

5. Litiges

Il semble y avoir différents cas de litiges au niveau du Château Miraval. Il semble y avoir différents litiges fiscaux en cours ainsi que des litiges sur les droits de propriété intellectuelle concernant le Château.

Pouvez-vous fournir un compte rendu détaillé des litiges en cours concernant ces questions fiscales ou de propriété intellectuelle ?

Quelle est la probabilité que ces litiges soient gagnés par les demandeurs et quel est l'impact sur l'évaluation possible de la société ?

Veuillez confirmer que la structure par laquelle le Château est détenu est toujours appropriée d'un point de vue réglementaire, fiscal ou autre et que cette structure ne tombe pas sous le coup de toute législation fiscale, réglementaire ou autre applicable ?

Ces questions sont sans préjudice et en complément des demandes faites à la direction lors de l'assemblée des actionnaires du 8 septembre 2020.