# Exhibit F-14

# Tribunal de grande instance de Paris, 3e chambre 2e section, 29 septembre 2016, n° 15/00961

**Note**

Ajouter une note...

- Proposition de conciliation de la cnis·
- Droit international (procédure·
- Demande d'irrecevabilité·
- Communication de pièces·
- Juge de la mise en État·
- Principe de l'estoppel·
- Procédure de discovery·
- Compétence matérielle·
- Invention de mission·
- Invention de salarié

## 1.   Résumé

Il ne peut être reproché une attitude déloyale à l'ancien employeur du salarié et à la société ayant déposé le brevet dont il est l'inventeur, dans le cadre de la procédure de discovery engagée par cette dernière devant un tribunal américain. En effet, cette société a informé le juge américain de l'opposition du salarié à la procédure, du fait d'une procédure parallèle engagée devant le tribunal de grande instance de Paris. En outre, les conseils des deux sociétés ont transmis au conseil du salarié l'ensemble des pièces qu'elles ont transmises au juge américain, de telle sorte que le salarié a une parfaite connaissance des termes du débat engagé devant le juge américain. L'ensemble de ces transmissions permettent à ce dernier d'avoir une vision complète et fidèle de l'état du litige intenté en France et des questions et contestations émises par le salarié. Ni la convention de La Haye du 18 mars 1970 sur l'obtention de preuve à l'étranger, ni les règles du Code de procédure civile ne s'opposent à ce qu'il soit fait état par une partie au cours d'une instance engagée en France de témoignages recueillis dans le cadre d'une procédure de discovery engagée parallèlement aux États-Unis, dès lors que ces éléments

de preuve ont été recueillis par une autorité compétente en vertu de la loi applicable devant cet État et selon les formes définies par cette loi. Il appartient au juge français d'en apprécier la valeur probante et l'incidence sur le fond du litige qui lui est soumis. Il est fait droit à la demande de communication des documents relatifs à la procédure en contrefaçon du brevet dont le salarié est inventeur, intentée devant le tribunal de l'Oregon par le déposant à l'encontre d'un tiers. Aucun élément n'est produit ni même invoqué pour étayer la confidentialité de ces documents. Les débats qui ont pu naître dans le cadre de l'action en contrefaçon de ce brevet, notamment sur l'évaluation du préjudice, sont de nature à éclairer les débats qui pourront naître sur la valorisation du brevet dans le cadre de l'action en paiement de la rémunération supplémentaire engagée devant le tribunal de grande instance de Paris.

**Chercher les extraits similaires**

## 2.   Chronologie de l'affaire

TGI Paris
TGI Paris

Jul
Oct
Jan
Apr
Jul
Oct
2017
Jan
2018
2016

## 3.   Sur la décision

- Référence :
  TGI Paris,
  Copier
- Juridiction : Tribunal de grande instance de Paris
- Numéro(s) : 15/00961
- Publication : PIBD 2016, 1062, IIIB-944

- Décision(s) liée(s) :
  - Tribunal de grande instance de Paris, 23 mars 2018, 2015/00961
- Domaine propriété intellectuelle : BREVET
- Numéro(s) d'enregistrement des titres de propriété industrielle : US 6240 376
- Titre du brevet : Method and apparatus for gate-level simulation of synthesized register transfer level designs with source-level debugging
- Référence INPI : B20160137
- Télécharger le PDF original fourni par la juridiction

## 4.   Sur les personnes

- Avocat(s) : Grégoire DESROUSSEAUX, Philippe SCHMITT
- Cabinet(s) : SCP AUGUST ET DEBOUZY
- Parties : R (Alain) c/ MENTOR GRAPHICS CORPORATION (États-Unis), META SYSTEMS SARL

## 5.   Texte intégral

**TRIBUNAL DE GRANDE INSTANCE DE PARIS ORDONNANCE DU JUGE DE LA MISE EN ETAT rendue le 29 septembre 2016**

3e chambre 2e section N° RG : **15/00961**

Assignation du : 02 janvier 2015

**INCIDENT**

**DEMANDEUR Monsieur Alain R** (ETATS UNIS) représenté par Me Philippe SCHMITT, avocat au barreau de PARIS, vestiaire #A0677

**DEFENDERESSES Société META SYSTEMS (SARL)** Immeuble le Pasteur […] 92360 MEUDON LA FORET

**Société MENTOR GRAPHICS CORPORATION** 8005 SW Boeckman Rd Wilsonville 97070 OREGON (ETATS-UNIS) représentées par Maître Grégoire DESROUSSEAUX de la SCP AUGUST & DEBOUZY et associés, avocats au barreau de PARIS, vestiaire #P0438

**MAGISTRAT DE LA MISE EN ETAT** François A, Premier Vice-Président adjoint assisté de Jeanine R, faisant fonction de Greffier

**DEBATS** À l'audience du 08 septembre 2016, avis a été donné aux avocats que l'ordonnance serait rendue le 29 septembre 2016.

**ORDONNANCE** Prononcée publiquement par mise à disposition au greffe Contradictoire

**Par** contrat de travail signé le 15 février 1996, Monsieur Alain R a été salarié en tant qu'ingénieur de la société française META SYSTEMS jusqu'au 13 octobre 1999. Monsieur Alain R a été désigné comme inventeur du brevet américain n° US 6 240 376 intitulé « Method and apparatus for gate-level simulation of synthesized register transfer level designs with source-level debugging » déposé le 31 juillet 1998 par la société américaine MENTOR GRAPHICS CORPORATION. La société META SYSTEMS se présente comme une société française spécialisée dans la création et le développement d'outils et de solutions informatiques pour la production de systèmes électroniques. La société META SYSTEMS appartient au groupe MENTOR GRAPHICS. La société MENTOR GRAPHICS CORPORATION est une société de droit américain qui dirige le groupe MENTOR GRAPHICS. Par acte d'huissier en date des 2 et 13 janvier 2015, enregistré au rôle au numéro 16/00961, Monsieur Alain R a fait citer la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION devant le Tribunal de grande instance de Paris aux fins de les voir condamner au paiement, sur le fondement de l'article L. 611- 7 du Code de la propriété intellectuelle, d'une rémunération supplémentaire pour l'invention objet du brevet US'376 réalisée dans l'exécution de ses fonctions au sein de la société META SYSTEMS. Le 17 juin 2015, la société META SYSTEMS a saisi la Commission Nationale des Inventions de Salariés (« CNIS ») aux fins de voir qualifier d'invention de mission l'invention réalisée par Monsieur R dans le cadre de ses fonctions au sein la société META SYSTEMS. Par conclusions notifiées par voie électronique le 17 juin 2015, la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ont sollicité du juge de la mise en état un sursis à statuer dans l'attente de la réception de la proposition de conciliation de la CNIS. Sans statuer sur cette demande, le juge de la mise en état a renvoyé l'affaire au 18 février 2016, dans l'attente

de la décision de la CNIS. Parallèlement à la procédure initiée en France, la société MENTOR GRAPHICS CORPORATION a, par requête du 16 février 2016, saisi le Tribunal de District pour la Californie du Nord ( United States District Court, Northern District of California) d'une demande d'information (procédure de discovery) dirigée à rencontre de Monsieur Alain R, résidant en Californie, aux fins d'obtenir, sur le fondement de l'article 1782 du titre 28 du Code « USC », pour un usage dans le cadre de la procédure engagée devant le tribunal de grande instance de Paris, des informations permettant, d'une part, d'établir sa connaissance de l'exploitation et de la valeur du brevet susvisé. Par conclusions notifiées par voie électronique le 26 février 2016, faisant suite à la saisine de la juridiction américaine par la société MENTOR GRAPHICS CORPORATION, Monsieur R a sollicité du juge de la mise en état de voir :

- Ordonner à la société MENTOR GRAPHICS CORPORATION de retirer sa demande de Discovery présentée le 16 février 2016 devant le Tribunal du District Nord de Californie et si celle-ci a déjà été accordée, d'y renoncer, et d'en justifier à Monsieur R sous astreinte de 100 000 € par jour passé un délai de 24 heures après le premier de ces deux événements le prononcé de l'ordonnance sollicitée ou son envoi par le greffe aux conseils des parties via le RPVA ;

- Ordonner à la société MENTOR GRAPHICS CORPORATION de communiquer à Monsieur R par attestation de son dirigeant avec mention des dispositions de l'article 441-7 du Code pénal, la liste et la copie de l'intégralité des pièces présentées au juge américain du District Nord de Californie à l'appui de la demande de Discovery du 16 février 2016 et de ses suites sous astreinte de 10 000 € au bénéfice de Monsieur R par semaine de retard passé un délai de 7 jours après le premier de ces deux événements le prononcé de l'ordonnance sollicitée ou son envoi par le greffe aux conseils des parties par le RPVA. La CNIS a rendu sa décision le 22 mars 2016 proposant une conciliation entre les parties en fixant le montant de la rémunération supplémentaire afférente à l'invention à la somme globale et définitive de 35 000 euros brute. Aux termes de conclusions du 30 mars 2016, Monsieur R a indiqué qu'il n'acceptait pas la proposition de conciliation de la CNIS et a, par assignation en date des 14 et

15 avril 2016, enregistrée au rôle au numéro RG 16/06083, délivrée aux sociétés MENTOR GRAPHICS CORPORATION et META SYSTEMS, saisi à le Tribunal de grande instance de Paris.

Ces affaires ont été jointes à l'affaire RG 15/00961 par mention au dossier le 23 juin 2016. Par conclusions notifiées par voie électronique le 31 mars 2016, la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ont saisi le juge de la mise en état d'un incident aux fins de :

- DECLARER nulles les assignations délivrées les 2 et 13 janvier 2015 respectivement à la société Meta Systems et à MENTOR GRAPHICS CORPORATION ;

- SE DECLARER incompétent pour ordonner à la société MENTOR GRAPHICS CORPORATION de retirer sa demande de Discovery présentée le 16 février 2016 devant le Tribunal du District Nord de Californie ;

- DIRE Monsieur R mal fondé dans sa demande,

- CONSTATER que la liste et la copie de l'intégralité des pièces présentées au juge américain du District Nord de Californie à l'appui de la demande de Discovery du 16 février 2016 ont été transmises au conseil de Monsieur R le 30 mars 2016 ; En conséquence,

- REJETER le surplus des demandes formulées par Monsieur R,

- CONDAMNER Monsieur R à payer conjointement à Meta Systems et MENTOR GRAPHICS CORPORATION la somme de 10.000 € au titre de l'article 700 du code de procédure civile ;

- CONDAMNER Monsieur R aux entiers dépens. Au soutien de leurs demandes, la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION exposent notamment que les assignations des 2 et 13 janvier 2015 encourent la nullité en application des dispositions de l'article 56 du Code de procédure civile, faute pour Monsieur R d'avoir chiffré sa demande, sollicitant seulement que MENTOR GRAPHICS CORPORATION et Meta Systems soient condamnées à payer à Monsieur R la rémunération supplémentaire pour son invention ayant fait l'objet du brevet américain

US 6 240 376 , sans fournir aucun élément de nature à permettre aux juges d'évaluer leur montant et ce alors qu'il est de

jurisprudence constante que les prétentions du demandeur doivent être exposées dès l'assignation avec un degré de précision suffisant. Par conclusions notifiées par voie électronique le 11 juillet 2016, Monsieur Alain R demande au juge de la mise en état de :

- Dire irrecevable à tout le moins mal fondée la demande en nullité de l'assignation délivrée les 30 décembre 2014 pour tentative et les 2 et 13 janvier 2015 aux sociétés META SYSTEMS  et MENTOR GRAPHICS CORPORATION.

— Rejeter toutes les demandes des sociétés META SYSTEMS et MENTOR GRAPHICS CORPORATION.

- Ordonner à la société MENTOR GRAPHICS CORPORATION de transmettre au Tribunal du District Nord de Californie, la copie intégrale et traduite des conclusions prises au nom de Monsieur R le 13 avril 2016 devant le Juge de la Mise en État et le 13 avril 2016 au Tribunal et celles du 23 avril 2016 devant le Juge de la Mise en État et les présentes écritures sous astreinte à hauteur de 5 000 € par jour de retard au bénéfice de Monsieur R passé un délai de 48 heures après le prononcé de la décision sollicitée ou son envoi par le greffe aux conseils des parties via le RPVA et d'en avoir justifié à Monsieur R.

- Interdire à la société MENTOR GRAPHICS CORPORATION et à la société META SYSTEMS d'invoquer aux débats les pièces et informations éventuellement obtenues par cette Discovery tant que le Tribunal de grande Instance de Paris n'aura pas statué sur l'utilité de cette Discovery.

- Ordonner aux sociétés MENTOR GRAPHICS CORPORATION et META SYSTEMS de communiquer les rapports d'expert de Dr. Majid S, Stephen A. D, Suzanne S, Charlie S, et de James K qu'ils ont déposés devant le Tribunal Fédéral de l'Oregon ayant donné lieu à la décision du 10 octobre 2014, sous astreinte à hauteur de 100 € par jour de retard et par rapport omis au bénéfice de Monsieur R passé un délai de 15 jours après le prononcé de la décision sollicitée ou son envoi par le greffe aux conseils des parties via le RPVA.

- Se réserver la liquidation d'astreinte.

- Condamner solidairement la société MENTOR GRAPHICS CORPORATION et la société META SYSTEMS à payer la somme de 3 500 € à Monsieur R en application de l'article 700 du Code de procédure civile.

- Condamner solidairement la société MENTOR GRAPHICS CORPORATION et la société META SYSTEMS aux dépens au profit de Me Philippe Schmitt. Au soutien de ses demandes, Monsieur R soulève l'irrecevabilité du moyen tiré de la nullité de l'assignation aux motifs que l'article 74 du Code de procédure civile pose le principe de la concentration du contentieux des exceptions de procédure en début d'instance et que les conclusions en nullité du 31 mars 2016 étant intervenues après les conclusions du 17 juin 2015 en demande de sursis de la procédure dans l'attente de la décision de la CNIS que la société META SYSTEMS a saisi par courrier du 17 juin 2015 de son conseil, ces conclusions en nullité de l'assignation sont

irrecevables pour violation de l'article 74 du Code de procédure civile. Il ajoute que cette demande en nullité est sans incidence procédurale dès lors qu'il a saisi à nouveau en application de l'article L. 615-21 du code de la propriété intellectuelle, le Tribunal de grande instance de Paris, par assignation des 14 et 15 avril 2016 (RG 16/06083), et que cette instance a été jointe avec l'assignation des 2 janvier 2015 et 13 janvier 2015 étant observé que les sociétés META SYSTEMS et MENTOR GRAPHICS CORPORATION ne contestent pas la validité de cette seconde assignation. Monsieur R ajoute que la procédure de discovery engagée par la société MENTOR GRAPHICS CORPORATION devant le tribunal du District Nord de Californie est sans utilité dans le cadre du présent litige dès lors que la Cour de cassation considère que le point de départ du délai de prescription de 5 ans applicable à l'action tendant à obtenir le paiement d'une rémunération supplémentaire est celui de la connaissance par le salarié non seulement du principe de cette rémunération mais aussi de son quantum de telle sorte que le délai ne court qu'à compter du jour où le salarié dispose des éléments nécessaires au calcul de la rémunération supplémentaire. Il estime donc que la seule date à laquelle il aurait été informé de l'exploitation du brevet US 376 que vise à rechercher la procédure de

discovery est insuffisante à faire courir le délai de prescription et que la société MENTOR GRAPHICS CORPORATION devait informer le juge américain sur l'exigence de ces deux conditions. Il demande dès lors au juge de la mise en état d'ordonner sous astreinte à la société MENTOR GRAPHICS CORPORATION de transmettre au juge américain ces éléments ainsi que la copie de ses écritures devant le juge de la mise en état. Monsieur R soutient en outre que dans le cadre de cette procédure de discovery, les règles de confidentialité applicables devant la CNIS en vertu des articles L. 615-21 et R. 615-28 du code de la propriété intellectuelle ont été méconnues dès lors que les déclarations de Monsieur R devant cette commission ont été évoquées dans le cadre de la procédure de discovery et qu'il a été dissimulé au juge américain l'effet suspensif de toute procédure à la suite de la saisine de la CNIS. Monsieur R considère que les informations qui seraient obtenues par cette procédure de discovery ne peuvent pas être examinées par le juge français dès lors que cette demande de discovery intervient en dehors de toute demande de commission rogatoire prévue par la convention de LA HAYE du 18 mars 1970 ; que cette procédure est contraire à la demande de sursis présentée par la société MENTOR GRAPHICS CORPORATION devant le juge de la mise en état, ce qui est contraire au principe de l'estoppel et qu'aucune des décisions de jurisprudence citées ne démontre que le juge français a d'ores et déjà accepté des informations obtenues par une discovery. Monsieur R fait valoir que l'objet réel de cette procédure de discovery est de le contraindre financièrement pour le faire renoncer à sa propre demande étant observé que les demandes de la société MENTOR GRAPHICS CORPORATION sont très vastes puisqu'elles visent non seulement à déterminer la connaissance par le salarié de l'exploitation de l'invention mais aussi toutes exploitations par tous tiers qui pourraient avoir porté atteinte au brevet et ce sans limitation de temps. Il sollicite en outre afin de pouvoir disposer des éléments lui permettant de déterminer le montant de la rémunération qu'il estime lui être due, la communication des documents produits par la société MENTOR GRAPHICS CORPORATION devant le juge américain, dont seule une partie lui a été communiquée. Par conclusions notifiées par voie électronique en date du 6 septembre 2016, la société META SYSTEMS et la

société MENTOR GRAPHICS CORPORATION demandent au juge de la mise en état, au visa des articles L. 611-7, L. 615-21 et R. 615-25 du Code de la propriété intellectuelle, de :

— DIRE Monsieur R irrecevable et mal fondé dans sa demande d'interdiction de production de pièces obtenues lors de la Discovery américaine,

- CONSTATER que la société MENTOR GRAPHICS CORPORATION a transmis au juge américain l'ensemble des écritures prises par les parties dans le cadre de la procédure au fond ainsi que d'incident ;

- CONSTATER que les sociétés MENTOR GRAPHICS CORPORATION et Meta Systems ont communiqué à Monsieur R les pièces qu'il a réclamées à l'exception de celles couvertes par la confidentialité, En conséquence,

- REJETER l'ensemble des demandes formulées par Monsieur R,

- CONDAMNER Monsieur R à payer conjointement à Meta Systems et MENTOR GRAPHICS CORPORATION la somme de 20.000 € au titre de l'article 700 du CPC ;

- CONDAMNER Monsieur R aux entiers dépens de l'incident. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION, qui précisent qu'elles ne maintiennent pas leurs demandes de nullité de l'assignation, exposent qu'aucune décision n'a été rendue à ce jour par les juridictions américaines sur cette demande de production de documents et de déposition et que le Tribunal américain a été informé non seulement de l'incident soulevé par Monsieur R en France devant le juge de la mise en état mais également qu'il avait sollicité la fixation d'une audience de plaidoirie pour évoquer cet incident et ajoutent que le Tribunal américain a sollicité de la société MENTOR GRAPHICS CORPORATION qu'elle le tienne informé de la décision à intervenir, celle-ci pouvant affecter sa décision d'octroyer ou non la mesure de Discovery. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION considèrent qu'aucune déloyauté procédurale ne peut être reprochée à la société MENTOR GRAPHIC CORPORATION étant observé qu'elles n'ont jamais indiqué que le juge américain n'examinerait sa demande de Discovery, qu'à la lumière de la décision du juge français, ni qu'il attendrait la décision du juge français pour examiner

la recevabilité de la demande de Discovery – et encore moins qu'il aurait suspendu l'examen de cette demande de Discovery mais seulement que le juge américain pourrait refuser de faire droit à la demande de production de documents si la juridiction française décide que cette production n'est pas recevable. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ajoutent qu'il ne peut leur être reproché une déloyauté envers le juge américain, dont l'appréciation au demeurant devrait relever de ce seul juge et ce alors que la société

MENTOR GRAPHICS CORPORATION a répondu aux demandes du magistrat américain sans qu'une quelconque dissimulation d'information ne puisse lui être reprochée. Elles précisent qu'après avoir informé le juge américain de la contestation par Monsieur R de la demande en Discovery, celui-ci a demandé dans son ordonnance du 24 mars 2016 à être informé des développements relatifs à la décision sur les contestations de Monsieur R, sans toutefois solliciter la communication de document particulier. Elles estiment ainsi que la société MENTOR GRAPHICS CORPORATION a transmis au juge américain le 20 juin 2016, les conclusions de Monsieur R du 26 février 2016, les conclusions des défenderesses du 31 mars 2016 et le 20 juillet 2016, les conclusions de Monsieur R du 13 avril 2016 (incident et fond), du 24 avril 2016 et du 11 juillet 2016. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION considèrent sur les arguments relatifs à l'inutilité de la procédure de discovery, que la décision de la cour de cassation citée du 12 juin 2012 a été rendue sous l'empire de la loi ancienne et non de l'article 2224 du code civil issu de la réforme de la prescription par la loi du 17 juin 2008, applicable en l'espèce, et qu'aux termes de cet article, c'est la preuve de la connaissance par Monsieur R de ce que la qualification d'invention de mission était acquise et lui ouvrait droit à la rémunération supplémentaire, ou à tout le moins de l'exploitation de l'invention – recherchée dans la Discovery – qui doit être regardée comme la connaissance par ce dernier des faits lui permettant d'exercer son éventuel droit à rémunération supplémentaire et qui est donc susceptible de faire courir la prescription à son encontre. Elles estiment en conséquence que cette procédure est utile et qu'en tout état de cause, M. R est irrecevable à former une demande

concernant l'interdiction de pièces qui n'ont pas encore été obtenues lors de la procédure de Discovery, étant ajouté qu'il ne peut être déclaré que les informations éventuellement obtenues dans le cadre de la procédure de Discovery ne sont pas utiles au litige, avant même d'avoir connaissance de ces éléments. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION font en outre valoir que la Convention de La Haye du 18 mars 1970 n'est pas exclusive de l'utilisation d'autres mécanismes juridiques, notamment par les parties de telle sorte que les preuves obtenues sur le fondement de la Section 28, paragraphe 1782 USC, sont recevables devant le juge de la mise en état et que si en application de l'article 771 du code de procédure civile, le juge de la mise en état est « seul compétent » pour « ordonner […] toute mesure d'instruction », cette compétence exclusive n'existe que par rapport aux autres formations du Tribunal et signifie qu'elle n'existe que dans le cas où les parties souhaitent obtenir une mesure d'instruction une fois le juge de la mise en état désigné, par rapport aux autres formations du tribunal saisi. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION indiquent également que le fait d'avoir saisi les juridictions américaines d'une demande de production de documents afin de les utiliser devant le Tribunal de grande instance alors qu'un sursis avait par ailleurs été sollicité devant cette même juridiction, ne constitue en aucun cas un estoppel, les deux actions initiées dont Monsieur R prétend qu'elles sont contradictoires n'étant pas de la même nature dès lors que le sursis à statuer n'est absolument pas contradictoire avec le fait d'initier en parallèle une procédure dont le seul objet est d'obtenir des éléments de preuve afin de nourrir l'argumentation développée au fond dans le cadre de l'instance pendante devant le Tribunal de grande instance.

La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION estiment en outre qu'elles n'ont pas violé le principe de confidentialité applicable devant la CNIS étant ajouté que ce principe, qui ne s'applique pas à l'existence d'une procédure CNIS, ni à la proposition qui serait faite par la CNIS, a été rappelé au juge américain le 15 février 2016. Elles soutiennent qu'il est dès lors indiscutable que les juridictions françaises accueillent favorablement les preuves obtenues auprès de juridictions

étrangères dès lors que les règles fondamentales du procès sont respectées, Monsieur R n'apportant aucun élément en sens contraire. Elles précisent qu'elles n'ont rien à cacher à Monsieur R concernant le contenu et les modalités d'exercice de la procédure initiée aux États-Unis sur le fondement de la Section 28 § 1782 USC et que l'intégralité de ces documents est d'ailleurs disponible en ligne aux États-Unis et est accessible facilement à travers la plateforme judiciaire PACER. Elles précisent qu'elles ont produit sous bordereau la liste complète des documents déposés dans le cadre de cette procédure à la date du 30 mars 2016, ainsi que le courrier de transmission de ces documents au conseil français de Monsieur R le 30 mars 2016. La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ajoutent enfin qu'elles ont communiqué aussi à Monsieur R les documents relatifs à la procédure en contrefaçon du brevet US'376 devant le tribunal de l'Oregon ainsi que les informations complémentaires à la suite d'une sommation de communiquer du 21 avril 2016, s'agissant des documents qui n'étaient pas couvertes par des obligations de confidentialité. Elles précisent que les rapports qui n'ont pas été transmis à Monsieur R contiennent des informations confidentielles et qu'ils n'ont pas, à tout le moins en intégralité, été versés aux débats devant le Tribunal de l'Oregon.

**MOTIFS DE LA DÉCISION** *Sur le moyen tiré de la nullité des assignations délivrées les 2 et 13 janvier 2015 ;* Aux termes de ses dernières conclusions, la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ont renoncé à invoquer la nullité des assignations de telle sorte qu'il convient d'en prendre acte. *Sur la demande tendant à voir ordonner à la société MENTOR GRAPHICS CORPORATION de transmettre au Tribunal du District Nord de Californie, la copie intégrale et traduite des conclusions prises au nom de Monsieur R dans le cadre du litige devant le tribunal de grande instance de Paris,* Il convient de constater que la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION justifient avoir produit le 20 juillet 2016 dans la procédure de discovery engagée devant le juge américain une copie des conclusions produites par Monsieur R devant le juge de la mise en état, avec leur traduction, à savoir ses conclusions du 13 avril 2016 devant le juge de la Mise en État et devant le Tribunal au fond et celles du 23 avril 2016 devant le juge de la mise en État.

La société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION justifient en outre de la transmission complémentaire à la même date et sous la même forme au juge américain des dernières conclusions de Monsieur R notifiées en date du 11 juillet 2016 portant sur l'incident de mise en état tranché par la présente ordonnance. Cette demande, étant satisfaite, sera en conséquence rejetée. *Sur la demande tendant à interdire à la société MENTOR GRAPHICS CORPORATION et à la société META SYSTEMS d'invoquer aux débats les pièces et informations éventuellement obtenues par cette Discovery tant que le Tribunal de grande Instance de Paris n'aura pas statué sur l'utilité de cette Discovery ; Sur le moyen tiré de la déloyauté de la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION dans le cadre de la procédure de discovery ;* Il ressort des pièces versées aux débats que la société MENTOR GRAPHICS CORPORATION justifie avoir dès le 2 mars 2016 informé le juge américain de l'opposition de Monsieur R à cette procédure de discovery du fait de la procédure engagée devant le tribunal de grande instance de Paris, cette information ayant au demeurant conduit le juge américain à solliciter par ordonnance du 24 mars 2016 qu'il soit tenu informé par la société MENTOR GRAPHIC CORPORTATION de l'état d'avancement de cette procédure considérant que celle-ci pouvait avoir une incidence sur la demande de discovery.

Cette information a été apportée au juge américain par la production par la société MENTOR GRAPHICS CORPORRATION de plusieurs rapports (« status report ») qu'elle a adressés à ce juge notamment les 20 et 30 juin 2016 pour le tenir informé de l'état de la procédure de mise en état en France. En outre, il n'est pas contesté que le 30 mars 2016, les conseils de la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION ont transmis au conseil de Monsieur Alain R l'ensemble des pièces qui ont été transmises par elles au juge américain de telle sorte que ce dernier a une parfaite connaissance des termes du débat engagé devant le juge américain et qu'il ne peut être imputé à la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION une attitude déloyale alors au surplus qu'à ce stade, tant que l'ordonnance du juge américain n'a pas été rendue pour statuer sur la recevabilité de la

demande de discovery, la procédure devant ce juge n'est pas censée être contradictoire. L'ensemble de ces transmissions permet ainsi de donner au juge américain, au 20 juillet 2016, une vision complète et fidèle de l'état à cette date du litige en France et des questions et contestations émises par Monsieur R de telle sorte que ce dernier ne peut être suivi lorsqu'il soutient que la procédure engagée devant le juge américain ne l'a pas été de manière loyale. *Sur la recevabilité des éléments de preuve issus de la procédure de discovery devant le juge français ;* Ni la convention de La HAYE du 18 mars 1970 sur l'obtention de preuve à l'étranger, ni les règles du code de procédure civile ne s'opposent à ce qu'il soit fait état par une partie au cours de la présente instance engagée en France de témoignages recueillis dans le cadre d'une procédure de discovery engagée parallèlement aux États-Unis,

dès lors que ces éléments de preuve ont été recueillies par une autorité compétente en vertu de la loi applicable devant cet État et selon les formes définies par cette loi étant observé qu'il appartiendra au juge français d'en apprécier la valeur probante et l'incidence sur le fond du litige qui lui est soumis. À cet égard, il n'est pas démontré par Monsieur R, qui réside aux États-Unis, que la procédure de discovery engagée serait contraire au droit applicable dans cet État étant observé qu'elle l'est sur le fondement de la Section 28, paragraphe 1782 du Code des États-Unis (« USC ») selon lequel un tribunal du district dans lequel une personne réside ou se trouve peut lui ordonner de fournir son témoignage ou sa déclaration ou de produire un document ou tout autre chose destiné à être utilisé dans une procédure devant un tribunal étranger ou international, y compris dans une enquête pénale avant une mise en accusation formelle. Il convient dès lors de rejeter ce moyen. *Sur l'inutilité des éléments de preuve recherchés dans le cadre de l'instance engagée devant le tribunal de grande instance de Paris ;*

Dans le cadre de l'action engagée par Monsieur R devant le présent tribunal, il appartient au seul tribunal de grande instance, statuant au fond, d'apprécier le bienfondé du moyen tiré de la prescription de l'action en paiement invoqué par la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION, le juge de la mise en état n'étant pas compétent aux termes de l'article 771 du code de procédure civile pour statuer sur une

telle fin de non-recevoir. Dès lors, le juge de la mise en état n'est pas compétent pour apprécier l'utilité ou non des éléments de preuve qui pourraient être recueillies dans le cadre de la procédure engagée devant le juge américain et il n'y a pas lieu d'interdire par principe la production de ces éléments avant que le tribunal statue au fond pour en apprécier l'utilité, ce d'autant que ces éléments ne sont pas encore disponibles, l'ordonnance du juge américain statuant sur la recevabilité de la procédure de discovery engagée devant lui n'ayant pas à ce jour été rendue. Il convient dès lors de rejeter ce moyen. *Sur le moyen tiré de l'irrecevabilité de la procédure américaine fondée sur le principe de l'estoppel ;* Le moyen tiré de l'estoppel s'analyse en une fin de non-recevoir, laquelle tend à faire déclarer irrecevable l'adversaire en sa demande sans examen au fond. En application de l'article 771 du code de procédure civil, le juge de la mise en état n'est compétent pour statuer sur une telle fin de non-recevoir. Ce moyen sera en conséquence rejeté. Au regard de l'ensemble de ces éléments, il convient en conséquence de débouter Monsieur R de sa demande d'interdiction précitée. ***Sur la demande de communication de pièces formée par Monsieur R ;***

En application de l'article 771 du code de procédure civile, le juge de la mise en état est compétent pour ordonner, même d'office, toute mesure d'instruction. Il ressort des débats qu'une action en contrefaçon du brevet US 376 a été engagée par la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION devant le Tribunal Fédéral de l'Oregon à l'encontre des sociétés EVE et SYNOPSIS aux termes duquel ce Tribunal a condamné ces deux sociétés au paiement d'une somme de 36 millions de dollars pour ces faits de contrefaçon. Par sommation en date du 21 avril 2006, Monsieur R a sollicité la communication par la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION des documents relatifs à cette procédure en contrefaçon du brevet US 376.

Il n'est pas contesté que plusieurs documents relatifs à cette procédure ont été communiquées à Monsieur R le 8 juin 2016 à l'exception de l'intégralité des rapports d'expert de Dr. Majid S, Stephen A. D, Suzanne S, Charlie S, et de James K qu'ils ont déposés devant le Tribunal Fédéral de l'Oregon ayant donné lieu à la décision du

10 octobre 2014. Si la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION exposent que ces documents n'ont pas été communiquées en intégralité à Monsieur R parce qu'ils sont confidentiels, aucun élément n'est produit ni même invoqué pour étayer la confidentialité dont il est fait état au regard notamment de l'objet et du contenu de ces documents. Dès lors, l'opposition de principe de la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION n'est pas fondée et ce alors que les débats qui ont pu naître dans le cadre de l'action en contrefaçon du brevet 376, notamment sur l'évaluation de leur préjudice ayant conduit le tribunal de l'Oregon au prononcé d'une condamnation d'un montant de 36 millions de dollars, sont de nature à éclairer les débats qui pourront naître sur la valorisation dudit brevet dans le cadre de l'action engagée devant le tribunal de grande instance de Paris. Il convient dès lors de faire droit à la demande de communication desdits documents sous astreinte étant précisé que cette communication portera sur les seuls documents dans la version effectivement produite devant le Tribunal de l'Oregon et que cette communication sera faite dans un premier temps entre les mains de tel huissier de justice désigné par Monsieur R et aux frais de ce dernier, les documents étant placés sous scellés auprès de cet huissier de justice. Il appartiendra aux conseils des deux parties, en présence des parties uniquement s'il y a accord entre elles sur ce point et à défaut hors la présence des parties, d'examiner ensemble en présence de l'huissier de justice, le contenu desdits documents placés sous scellés afin d'apprécier de l'intérêt et du bien-fondé de leur production dans la présente procédure, et en cas de difficultés d'en référer au juge de la mise en état. ***Sur les dépens et les frais irrépétibles*** Chacune des parties ayant succombé partiellement dans ses prétentions, il convient de laisser à leur charge respective les frais et dépens liés au présent incident et de les débouter de leurs demandes formées au titre de l'article 700 du code de procédure civile.

**PAR CES MOTIFS Statuant par ordonnance contradictoire rendue publiquement par mise à disposition au greffe, non susceptible de recours indépendamment du jugement statuant sur le fond ;**

— Constatons que la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION renoncent à invoquer la nullité des assignations délivrées les 2 et 13 janvier 2015 ;

- Ordonnons la communication par la société META SYSTEMS et la société MENTOR GRAPHICS CORPORATION à tel huissier de justice désigné par Monsieur Alain R, et aux frais de ce dernier, des rapports de Dr. Majid S, Stephen A. D, Suzanne S, Charlie S, et de James K tels qu'ils ont déposés devant le Tribunal Fédéral de l'Oregon ayant donné lieu à la décision du 10 octobre 2014, sous astreinte provisoire de 300 € par jour de retard à l'issue d'un délai de 15 jours après la signification de la présente décision pendant un délai de 90 jours ;

- Disons que ces documents seront placés sous scellés auprès de l'huissier de justice désigné par Monsieur Alain R ;

- Disons qu'il appartiendra aux conseils des deux parties, en présence des parties uniquement s'il y a accord entre elles sur ce point, et à défaut, hors la présence des parties, d'examiner ensemble en présence de l'huissier de justice, le contenu desdits documents placés sous scellés afin d'apprécier de l'intérêt et du bien-fondé de leur production dans la présente procédure, et en cas de difficultés d'en référer au juge de la mise en état ;

- Disons que nous nous réservons la liquidation de l'astreinte ;

- Déboutons Monsieur Alain R de ses autres demandes ;

- **Renvoyons** cette affaire à l'audience du juge de la mise en état du 1er décembre 2016 à 10h00 aux fins de nouvelles conclusions au fond des parties et à défaut de clôture et fixation ;

- Disons que chacune des parties supportera les frais et dépens qu'elles ont exposés dans le cadre du présent incident de mise en état ;

**Court of First Instance of Paris, 3rd Chamber, 2nd Section, September 29, 2016, No. 15/00961**

...
With respect to the admissibility of pieces of evidence resulting from the discovery procedure before the French judge:  Neither the Hague Convention of May 18, 1970 on the gathering of foreign evidence nor the rules of the code of civil procedure prevent a party during the present proceedings in France from mentioning testimony gathered as part of a  parallel discovery proceeding in the United States,

given that these pieces of evidence were collected by a competent authority by virtue of the applicable law before this country and according to the forms defined by this law, it being observed that it will be up to the French judge to assess its probative value and impact on the merits of the litigation brought before him.

In this respect, it has not been demonstrated by Mr. R, who resides in the United States, that the discovery procedure initiated would be contrary to applicable law in that country, it being observed that it is on the basis for 28 USC 1782 according to which a court in the district in which a person resides or is found and order him to give his testimony or a declaration or to produce a document or any other thing meant to be used in a proceeding before a foreign or intentional court, including in a criminal inquiry prior to a formal accusation.  It is therefore appropriate to reject this plea:  on the uselessness of pieces of evidence sough in the context of the proceedings before the high court of Paris.
...

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF QUEENS        )

I am employed as Translator by the firm of Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019;

I am fully conversant in the French and English languages;

I translated or reviewed the translation of the attached document:

Excerpt from Paris High Court Decision,

29 September 2016, n° 15/00961 from French into English;

The English translation is, to my best knowledge and belief, a true and correct rendering of the original text in the French language.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __12/30/21__

_Leila F. Bose_

Leila F. Bose
Former Member, Translation Studies
Faculty, New York University School of
Continuing and Professional Studies;
American Translators Association;
New York Circle of Translators