KEITH R. HUMMEL (*Pro Hac Vice* Application Forthcoming)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

JAMES LEE (Bar No. 192301)
ENOCH LIANG (Bar No. 212324)
JOE TUFFAHA (Bar No. 253723)
LTL ATTORNEYS LLP
300 South Grand Ave, Suite 1400
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Applicant*
NOUVEL, LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| In re Ex Parte Application of NOUVEL, LLC, <br><br> Applicant, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Mondo Bongo, LLC, William Bradley Pitt, and Warren Grant for Use in Foreign Proceedings. | Miscellaneous Action No. <br><br> DECLARATION OF MAX MAILLIET IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS |

DECLARATION OF MAX MAILLIET IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782

1. I am an attorney with E2M S.à.r.l., counsel to Nouvel, LLC ("Nouvel"). I am admitted to the Luxembourg bar and am established in Luxembourg City, Luxembourg. I have represented numerous clients in contract actions in Luxembourgish courts, and I am familiar with Luxembourgish contract law. I have practiced extensively before the Luxembourg District Court (*tribunal d'arrondissement de et à Luxembourg*), and am familiar with the Court's practices and procedures.

2. I submit this declaration in support of Nouvel's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings against Mondo Bongo, LLC ("Mondo Bongo"), William Bradley Pitt ("Mr. Pitt"), and Warren Grant ("Mr. Grant") (the "Section 1782 Application"). I am aware of the facts set forth in this declaration from my role as Nouvel's counsel in connection with the Luxembourgish proceedings described below.

3. Quimicum S.à r.l., is a limited liability company (société à responsabilité limitée) established and having its registered office at L-5365 Munsbach, 6C, rue Gabriel Lippmann, Luxembourg ("Quimicum").

4. On December 19, 2013, Mondo Bongo transferred 10% of the share capital of Quimicum to Nouvel (the "2013 10% Quimicum Share Transfer").

5. On September 21, 2021, Mondo Bongo sued Nouvel and Quimicum in the Luxembourg District Court seeking to annul the 2013 10 % Quimicum Share Transfer. Mondo Bongo argues that the 2013 10% Quimicum Share Transfer is invalid under Luxembourg law for lack of "cause" under Article 1131 of the Luxembourg Civil Code. In civil law, "cause" is the benefit or goal that a contracting party seeks based on the structure of the contract. The court has not yet ruled on this request.

6. In a second summons, filed on November 23, 2021, Mondo Bongo initiated summary proceedings against Nouvel in Luxembourg, seeking to have the shares that were subject to the 2013 10% Quimicum Share Transfer placed into escrow, on the basis of essentially the same arguments as in the first Luxembourgish action. The court has not yet ruled on this request.

7. Luxembourgish law does not know the concept of discovery as US law knows it, but it contains provisions on Court-ordered production of documents. Luxembourgish law permits the Court-ordered production of documents, if there is a "legitimate reason" for it, under Article 350 of the Luxembourg New Code of Civil Procedure before proceedings are initiated, but such requests are rarely granted. In this case, it is too late to make such a request because Mondo Bongo has already sued Nouvel, so discovery under Article 350 is unavailable. In any case, Luxembourg case-law holds that Article 350 is limited to documents located in Luxembourg (see Court of Appeal, 10 May 2017, docket (*rôle*) number 44.265, decision number 81/17-VII-REF). A Luxembourg court would thus not grant a request under Article 350 for documents located outside of Luxembourg.

8. Under Articles 284–288 of the Luxembourg New Code of Civil Procedure, during court proceedings, a party may request that the judge hearing the case on its merits order either the opposing party or a third party to produce notarized or signed documents. However, Articles 284–288 are very rarely used in litigation in Luxembourg. Under Article 350 as well as Articles 284–288, the party requesting documents must describe each document sought in precise and specific detail, including the date, title and author(s) of each document. I understand that in its Section 1782 Application, Nouvel is requesting documents responsive to descriptive categories rather than precise, individually-described documents, and that Nouvel is incapable of identifying each individual document sought due to its lack of knowledge. Accordingly, Nouvel is unlikely to be able to obtain the

2

discovery sought in its Section 1782 Application in Luxembourg under Articles 284-288. Further, given the case law rendered under Article 350, it is in my view unlikely that a Luxembourg Court would grant a request under Articles 284–288 for documents located outside of Luxembourg.

9. Although Luxembourgish law does not itself provide discovery mechanisms similar to those available in the United States, I am aware of no provision in Luxembourgish law that precludes parties from obtaining or using discovery taken in the United States pursuant to United States law for use in proceedings held in Luxembourg. The evidence sought in Nouvel's Section 1782 Application—documents concerning the reason Mondo Bongo executed the 2013 10% Quimicum Share Transfer—is directly relevant to the pending Luxembourgish actions. In my experience, a Luxembourgish court would find the evidence to be obtained in response to the Section 1782 Application to be useful in making its decisions in those cases.

10. There is no provision in Luxembourgish law that would refuse the production of evidence obtained through § 1782 discovery. Any evidence obtained in a legal fashion is admissible before a Luxembourgish Court.

11. Attached hereto as Exhibit L-1 is a true and correct copy of a writ of summons to appear before the District Court of Luxembourg filed by Mondo Bongo, LLC ("Mondo Bongo") in its suit against Nouvel dated September 21, 2021 and its English translation.

12. Attached hereto as Exhibit L-2 is a true and correct copy of a writ of summons to appear before the District Court of Luxembourg filed by Mondo Bongo, LLC ("Mondo Bongo") in its suit against Nouvel dated November 23, 2021 and its English translation.

13. Attached hereto as Exhibit L-3 is a true and correct copy of my report on Quimicum's general meeting held on November 22, 2021 and its certified English translation.

14. Attached hereto as Exhibit L-4 is a true and correct copy the agreement between Mondo Bongo and Nouvel concerning the sale of Quimicum shares dated December, 2013.

15. Attached hereto as Exhibit L-5 is a true and correct copy of an excerpt from Droit des Obligations by Alain Bénabent (16th ed. 2017) and a certified English translation of an excerpt from it.

16. Attached hereto as Exhibit L-6 is a true and correct copy of the Luxembourg Commercial Code, Article 109 dated January 1, 2016 and its certified English translation.

17. Attached hereto as Exhibit L-7 is a true and correct copy of the Luxembourg New Code of Civil Procedure, Articles 58, 284-88 & 350-51 dated September 16, 2021 and their certified English translations.

18. Attached hereto as Exhibit L-8 is a true and correct copy of the Luxembourg Civil Code, Articles 1131, 1341 & 1347 dated December 26, 2021 and their certified English translations.

19. Attached hereto as Exhibit L-9 is a true and correct copy of an excerpt from Luxembourg Court of Appeal Decision 81/17 (Docket No. 44265) dated May 10, 2017 and its certified English translation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 5, 2022 in Luxembourg City, Luxembourg.

_____
Max Mailliet
5
DECLARATION OF MAX MAILLIET IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782