UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NOUVEL, LLC. | Case No. 2:22-mc-00004-MCS-E<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records herein and the Report and Recommendation of United States Magistrate Judge (R&R, ECF No. 37). The Court has considered Respondents Mondo Bongo, LLC, William B. Pitt, and Warren Grant's objections to the R&R, (Objs., ECF No. 38), and Applicant Nouvel, LLC's response thereto, (Resp., ECF No. 39). Pursuant to Federal Rule of Civil Procedure 72(b), the Court has engaged in de novo review of the portions of the R&R to which Respondents specifically have objected.

Respondents submit that the Magistrate Judge improperly applied the test articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). (Objs. 2–3.) The Magistrate Judge clearly articulated that he considered all factors relevant to the *Intel* test. (R&R 6.) The Magistrate Judge did not need "to address explicitly every

1

factor or argument" made by the parties. *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015).

Respondents ask the Court to reweigh the *Intel* factors. (Objs. 3–13.) In making the discretionary determination of whether to authorize discovery, courts consider (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to United States federal court assistance; (3) whether the discovery request attempts to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264–65.

On de novo review, the Court agrees with the assessment of the Magistrate Judge that the *Intel* factors, on balance, weigh in favor of permitting Applicant's requested discovery. First, some parties here are not party to the foreign litigation, and based on the parties' submissions of expert testimony, the Court has some doubt that the requested discovery is or will become available in the foreign courts. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201, at *11 (N.D. Cal. Feb. 19, 2020) (finding factor weighed in favor of discovery where, "even if Respondents were participants [in the foreign litigation], the discovery IC seeks might not be available in any event"); *In re Servicio Pan Americano De Proteccion, C.A.*, 354 F. Supp. 2d 269, 274 (S.D.N.Y 2004) ("Because the Venezuelan court may not be able to itself order HSBC to produce the requested evidence, exercise of this Court's power under Section 1782 may be necessary to enable discovery of the documents." (cleaned up)); *see also Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 U.S. Dist. LEXIS 159266, at *6 (C.D. Cal. Nov. 4, 2013) ("This Court does not believe it is necessary to make findings as to whose expert correctly characterizes German law and procedure." (cleaned up)). Second, Applicant's declarants submit that the Luxembourgish court would be receptive to

assistance from a United States federal court, (Wiwinius Decl. ¶¶ 23–27, ECF No. 31-1)), and that § 1782 discovery may be admitted in French court proceedings, (Borghetti Decl. ¶¶ 31–38, ECF No. 31-2). Third, the discovery sought here does not appear to be prohibited under Luxembourgish and French court procedures. (Wiwinus Decl. ¶ 23; Borghetti Decl. ¶¶ 39–40.) *See Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015) (noting that the third *Intel* factor concerns foreign "rules akin to privileges that *prohibit* the acquisition or use of certain materials"). Fourth, the discovery sought is not unduly intrusive or burdensome, and it appears reasonable and proportionate to the scope of the Luxembourgish and French actions. Notwithstanding, the Court will adopt the Magistrate Judge's recommendation that a protective order be entered restricting the § 1782 discovery to be used for the purposes of the Luxembourgish and French proceedings only. On balance, the Court finds the discovery appropriate and exercises its discretion to authorize it.

Respondents ask the Court to stay any order accepting the R&R. (Obj. 13–14.) A request for affirmative relief is not appropriate for consideration in connection with objections to a report and recommendation, and the Court rejects the request accordingly. *See* Fed. R. Civ. P. 7(b)(1); C.D. Cal. R. 6-1. The Court also denies the stay request on the merits. Respondents have not demonstrated that the factors courts consider in determining whether to stay an order pending appeal weigh in their favor. *See Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (articulating four-factor test). Particularly, Respondents have made no strong showing that they are likely to succeed on the merits of their contemplated appeal of this decision, which would be subject to review for abuse of discretion, *see Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002), and that they would be irreparably injured absent a stay. *See Lair*, 697 F.3d at 1204 (deeming these factors "the most critical").

The Court overrules the objections and accepts the findings, conclusions, and recommendations of the Magistrate Judge.

///

1 IT IS ORDERED that: (1) the Motion to Vacate and the Motion to Quash are
2 denied; (2) the January 12, 2022 Order is confirmed; and (3) use of the discovery
3 obtained herein shall be limited to use for the purposes of the Luxembourgish and
4 French actions only.

6 **IT IS SO ORDERED.**

8 Dated: July 22, 2022

*[Signature]*
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE