1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of NOUVEL, LLC | Case No.: 2:22-mc-00004-MSC-CFE<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

Discovery in the above-captioned action ("Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in the Foreign Proceedings (as defined below) may be warranted. Accordingly, Mondo Bongo, LLC, William B. Pitt, and Warren Grant (together, "Respondents") and Nouvel, LLC (together, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. GOOD CAUSE STATEMENT

Discovery pursuant to this Court's order granting Nouvel's § 1782 ex parte application may involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of the Foreign Proceedings are warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of the Foreign Proceedings, to address their handling at the end of the Foreign Proceedings, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public

record of this case.

## III. DEFINITIONS

A. <u>Challenging Party</u>:  A Party that challenges the designation of information or items under this Order.

B. <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

C. <u>Counsel</u>:  Foreign Counsel, Outside Counsel of Record and In-House Counsel (as well as their support staff).

D. <u>Designating Party</u>:  A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

E. <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Foreign Proceedings.

G. <u>Foreign Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to the Foreign Proceedings.

H. <u>Foreign Proceedings</u>:  (a) Any tort action by Nouvel in France against the directors and officers of Chateau Miraval as well as Miraval Provence and its president and officers seeking monetary compensation on the basis of harm to shareholders, as described in Nouvel's Application for an Order Granting Leave to Obtain Discovery for Use in Foreign Proceedings, and any appeals

thereof; and (b) the pending proceedings initiated by Mondo Bongo on September 21, 2021, and November 23, 2021 in the Luxembourg District Court, and any appeals thereof.[1]

I.   <u>In-House Counsel</u>:  Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.   <u>Party</u>:  Any party to this Action or the Foreign Proceedings, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, Foreign Counsel, and Outside Counsel of Record (and their support staffs).

L.   <u>Producing Party</u>:  A Party that produces Disclosure or Discovery Material in this Action.

M.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

---

[1] Nouvel's position is that the scope of foreign proceedings reflected in the parties' submissions concerning the § 1782 order and the order itself is broader than the definition of "Foreign Proceedings" in this Order.  Nevertheless, to expedite the production of documents, Nouvel agrees to the above definition of "Foreign Proceedings" for the limited and exclusive purpose of reaching agreement with Respondents concerning this Order.  Nouvel reserves its right pursuant to Article XIII.A, *infra*, to seek a modification of this Order from the Court authorizing the use of the discovery provided by Respondents in additional proceedings.

N. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## V. DURATION

Even after final disposition of the Foreign Proceedings, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Foreign Proceedings, including any appeals therefrom, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Foreign Proceedings, including the time limits for filing any motions or applications for extension of time pursuant to applicable law ("Final Disposition").

The Parties and any other person subject to the terms of this Order agree that

this Court has and retains jurisdiction during and after this Action and the Foreign Proceedings are terminated for the purpose of enforcing this Order.

The Parties, and all persons who shall sign the Acknowledgment and Agreement to Be Bound, stipulate and agree that this Order shall become binding immediately upon its execution as a stipulation by the Parties. The Parties and any persons executing the Acknowledgement and Agreement to Be Bound shall abide by the terms of this Order during the pendency of any period prior to the Court's entry of the Order as an order.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B. Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

C.  Inadvertent Failure to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.  Timing of Challenges

Any Party may challenge a designation of confidentiality at any time prior to the Final Disposition of the Foreign Proceedings.

B.  Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

C.  Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or the Foreign Proceedings. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Foreign Proceedings reach a Final Disposition, a Receiving Party must comply with the provisions of Section XIV below. For the avoidance of doubt, a Receiving Party may not use Protected Material for any matter or in any litigation other than this Action or the Foreign Proceedings. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action or the Foreign Proceedings;

2. The Receiving Party's Foreign Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action or the Foreign Proceedings;

3. The officers, directors, and employees (including In-House Counsel) of the Receiving Party and up to two attorneys in the legal department of any entity that controls the Receiving Party, in each case to whom disclosure is

reasonably necessary for this Action or the Foreign Proceedings;

   4. Experts and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action or the Foreign Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   5. The courts and their personnel in this Action or the Foreign Proceedings, as well as any court to which an appeal from this Court or the Foreign Proceedings may be taken;

   6. Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action or the Foreign Proceedings and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

   7. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   8. During their depositions or examinations, witnesses, and attorneys for witnesses in the Foreign Proceedings to whom disclosure is reasonably necessary provided: (i) the deposing or examining attorney for the party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witnesses will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

   9. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**IX. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

A. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

B. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

C. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

### C. Filing Protected Material

Protected Material may only be filed under the maximum confidentiality protection that is authorized under applicable foreign law and procedure.

## XIV. FINAL DISPOSITION

After the Final Disposition, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the

Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 16, 2022     KENDALL BRILL & KELLY LLP

By: _____s/ Laura W. Brill_____
     Laura W. Brill

WACHTELL, LIPTON, ROSEN & KATZ
William Savitt (admitted *pro hac vice*)
Sarah K. Eddy (admitted *pro hac vice*)
Adam Goodman (admitted *pro hac vice*)
Remy Grosbard (admitted *pro hac vice*)
51 West 52nd Street New York, NY 10019
Telephone: (212) 403-1000 Facsimile: (212) 403-2000

*Attorneys for Respondents Mondo Bongo, LLC, William B. Pitt, and Warren Grant*

DATED: September 17, 2022     CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel (admitted *pro hac vice*)

By: _____/s/ Keith R. Hummel_____
     Keith R. Hummel

LTL ATTORNEYS LLP
James Lee (192301)
Enoch Liang (212324)
Joe Tuffaha (253723)
300 South Grand Ave, Suite 1400
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Petitioner Nouvel, LLC*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  September 20, 2022

                                            /S/ CHARLES F. EICK
                            Honorable Charles F. Eick
                            United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [case name and number, with initials]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City/State Where Sworn and Signed: _____